LEGGATT ET AL., respondents, *v.* STEWART ET AL., appellants.

PLEADING — *Denial — New matter — Void for uncertainty.*

An answer filed six months after filing a complaint, which simply denies that plaintiffs are then the owners and in actual possession of premises claimed, is a virtual confession of the complaint, and is not a denial.

That is not new matter in an answer which might have been shown under the general denial.

Where pleadings show a quartz location to be excessive beyond the lawful limits, the same is void for uncertainty.

*Hauswirth* v. *Butcher,* 4 Mont. 299, reaffirmed.

*Appeal from Second District, Silver Bow County.*

KNOWLES & FORBIS, for respondents.

THOS. L. NAPTON, for appellants.

WADE, C. J. This is an action to quiet title. The plaintiffs allege in their complaint that they are the owners of and in the actual possession of the mining ground therein described. Nearly six months after the filing of the complaint the defendants filed their answer, and deny that said plaintiffs, or any of them, are the owners of or in the actual possession of the premises described in the plaintiffs' complaint, or any part or portion thereof.

This denial is insufficient for the reason that it does not deny that the plaintiffs were in the actual possession of the premises at the date of the commencement of the action. It is rather an admission that the plaintiffs were in actual possession when they filed their complaint.

The defendants allege, as new matter, the following: "Defendants aver the facts to be that at the commencement of plaintiffs' said action, and long prior thereto, these defendants were and ever since have been and now are the owners of the premises described in plaintiffs' said complaint, and every part thereof, and in the possession of, and entitled to the possession of, the same."

This is not new matter for the reason that all the facts alleged therein might have been proved under a proper general denial. Says Justice Rhodes, in *Marshall* v. *Shafter*, 32 Cal. 177, "It is proper at this point, however, to say, that it is settled beyond all controversy in this state, that the defendant may, under the general denial, give in evidence title in himself, and it follows that the allegation of such title in the answer does not constitute new matter, and therefore the allegations of title in the defendant do not present a new issue."

This language was adopted by this court in the case of *Meyendorff* v. *Frohner*, 3 Mont. 324. See, also, Pomeroy's Rem. and Rem. Rights, secs. 624–633; Moak's Van

Santvoord's Pl. 520 and 813.   Besides, those allegations
of new matter are ambiguous and uncertain for the rea-
son that it is impossible to ascertain therefrom whether
the pleader intended to aver that the defendants were in
possession at the date of the commencement of the ac-
tion or at the time of filing their answer.

Hence it follows that the instruction to the jury, that
it was admitted in the pleadings that the plaintiffs were
in possession of the premises at the commencement of
the action, was correct.

The appellants claimed the ground in controversy by
virtue of the Raven Lode location, which was one thou-
sand seven hundred and sixty-three feet in length by five
hundred and ninety-six feet in width.   The extent of a
lode location is limited by the statute to one thousand five
hundred feet in length by six hundred feet in width.

The court instructed the jury upon this subject as fol-
lows:   "The location must be so distinctly marked on
the ground that the boundaries can be readily traced, and
the court instructs you that a location two hundred and
sixty-three feet in length in excess of the ground allowed
by law to be located is void for uncertainty, and defend-
ants cannot claim to have sufficiently marked their
boundaries, if their stakes include one thousand seven
hundred and sixty-three feet in length."

This decision is entirely within the decision in the case
of *Hauswirth* v. *Butcher*, 4 Mont. 299, where it is held
that "the boundaries must be so definite and certain as
that they can be readily traced, and they must be within
the limits authorized by law.   Otherwise their purpose
and object would be defeated.   The area bounded by a
location must be within the limits of the grant.   No one
would be required to look outside of such limits for the
boundaries of a location.   Boundaries beyond the maxi-
mum extent of a location would not impart notice and
would be equivalent to no boundaries at all."

The judgment is affirmed, with costs.

*Judgment affirmed.*