be held to the exercise of some care.(Adams v. Nassau Electric R. R. Co., 41 App. Div. 334, 58 N. Y. Supp. 543), yet in the case of an infant under 12 years of age, whether he be guilty of contributory negligence or not, where it does not appear that he was entirely lacking in care, becomes a question of fact for the jury, and it is error for the court to determine such question as matter of law.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

## PERSCH v. WIDEMAN.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

**1. PLEADING—DEFENSES—SCANDALOUS MATTER.**

Facts which constitute a defense may not be stricken out as scandalous, but facts pleaded as a complete defense, demurrable as constituting only a partial one, or being at most in mitigation of damages, may be stricken as scandalous.

**2. CRIMINAL CONVERSATION—ACTION—ANSWER—SCANDALOUS DEFENSES.**

In an action for criminal conversation, an allegation of the answer that plaintiff introduced his wife to defendant, who was at that time a stockholder in a corporation upon the stock of which plaintiff was endeavoring to secure an option, and allegations tending to show that plaintiff aided and connived at bringing about the relations complained of, constitute a defense, and hence may not be stricken as scandalous.

**3. SAME—REDUNDANCY.**

In an action for criminal conversation the answer alleged that plaintiff connived at the relations complained of, but alleged that defendant refused to be influenced by the plaintiff in establishing intimate relations with plaintiff's wife. *Held*, that the latter allegation was redundant, as provable under the general denial.

**4. SAME—IRRELEVANT ALLEGATIONS.**

In an action for criminal conversation, an allegation of the answer alleging plaintiff's motive in bringing the suit was properly stricken as irrelevant.

**5. PLEADING—SCANDALOUS MATTER—PLEADING NOT ENTIRELY SCANDALOUS—REMEDY.**

Where an entire answer was not scandalous, irrelevant, or redundant, but contained some such matter, it could not be stricken from the files, nor could defendant be required to surrender the original answer to plaintiff for cancellation, or to serve amended pleading, but the scandalous matter, as well as that which was irrelevant and redundant, should have been stricken out.

Appeal from Special Term, New York County.

Action by John P. Persch against Carl J. Wideman. From an order striking out as irrelevant, redundant, and scandalous certain defenses set up in the answer, and requiring the defendant to serve an amended answer omitting the matters stricken out, and to surrender the original answer to plaintiff's attorney for cancellation, defendant appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles L. Newton, for appellant.
David Welch, for respondent.

LAUGHLIN, J. This is an action for criminal conversation. The plaintiff alleges that he married Gretchen T. Persch on the 18th day of January, 1904, and that they thereafter lived happily together until the 1st day of July, 1904, when the defendant, well knowing her to be the plaintiff's wife, willfully and maliciously, and with intent to injure the plaintiff, alienated the affections of his wife, and established and subsequently continued intimate relations with her. Certain parts of the answer set forth facts which, if established, will constitute a complete defense to the action, and other parts set forth facts which, if established, would go in mitigation of damages only. It is manifest that facts which constitute a defense may not be stricken out as scandalous; but, on the other hand, facts pleaded as a complete defense, which would be demurrable as constituting only a partial defense, or as being at most in mitigation of damages, may be stricken out as scandalous upon the theory that the party aggrieved thereby should not be required to admit the truth of the allegations by demurring thereto. Armstrong v. Phillips, 60 Hun, 243, 14 N. Y. Supp. 582.

In the answer and defense numbered second, the defendant alleges as a complete defense matters that might be proved in mitigation of damages, but which do not constitute a defense, and, being scandalous, should be stricken out. This embraces all of that defense down to the allegation that the plaintiff introduced his wife to the defendant, who was at that time a stockholder and officer of the German-American Brewing Company, upon the stock of which company the plaintiff was endeavoring to secure an option. The allegation of such introduction, together with the allegations immediately following, tend to show that the plaintiff aided and connived at bringing about the relations, such as they were, that existed between the defendant and the plaintiff's wife, which would constitute a defense, and therefore may not be stricken out. It is evident that an action of this character will not lie where the husband is responsible for the relations existing between his wife and the defendant. The last sentence of that defense is redundant in so far as it alleges that the defendant refused to be influenced by the plaintiff in establishing intimate relations with the latter's wife, for this was provable under the general denial, and the remainder is irrelevant, for it merely alleges the plaintiff's motive in bringing the suit. The entire sentence was therefore properly stricken out.

The allegations of the first paragraph of the third and separate defense, if properly pleaded, might be proved in mitigation of damages, but, being scandalous, and not so pleaded, should be stricken out. The allegations of the second paragraph of the third separate defense and answer are redundant in so far as they allege that there were no improper relations between the defendant and the plaintiff's wife, for this might have been proved under the general denial; but they constitute a defense to all that occurred between the defendant and the plaintiff's wife in so far as they allege that the defendant did everything in his power to bring about improper relations between them, and therefore should not have been stricken out. The

allegations of the third paragraph of the third and separate defense do not constitute a defense in whole or in part, and none of them are relevant to the issues. They merely relate to the plaintiff's motive in bringing the action. The allegations of the fourth and last paragraph of the third and separate defense are all scandalous, and do not constitute a defense, but might be shown in mitigation of damages if properly pleaded; and they also were, therefore, properly stricken out.

Since the entire pleading is not scandalous, it cannot very well be stricken from the files, if it be on file, and the order should have provided for expunging the matter stricken out. Nor should the defendant be required to surrender the original answer to the attorney for the plaintiff for cancellation or to serve an amended pleading.

It follows, therefore, that the order should be modified by striking out only the irrelevant, redundant, and scandalous matter which is not a complete defense, as herein indicated, and by requiring the clerk to expunge the same if the pleading be on file, and, as thus modified, affirmed, without costs. All concur.