[Civ. No. 224.    Second Appellate District.—June 22, 1906.]

## FRANK B. DENNIE, Appellant, v. WILLIAM A. CLARK and BENJAMIN W. CLARK, Copartners, etc., Respondents.

ACTION FOR GOODS SOLD—ISSUE AS TO CONTRACT—CONSIGNMENT UPON COMMISSION—PROVINCE OF JURY—SUPPORT OF VERDICT.—In an action for the price of goods alleged to have been sold defendants under a written contract, the execution of which was denied by the answer, which alleged a consignment of the goods by plaintiffs to defendants upon commission, where the evidence was conflicting, it was the duty of the jury to pass upon all questions of fact and determine the nature of the actual agreement; and its verdict for the defendants will not be disturbed upon appeal.

ID.—ADMISSIONS BY DEFENDANTS AFTER DELIVERY—ESTOPPEL NOT SHOWN.—Where, in the conflict of evidence, admissions made and acts done by the defendants .after the delivery of the goods, and their custody over the same, were shown by the testimony for the plaintiff as bearing upon the main fact of the execution of the instrument relied upon by plaintiff, such evidence did not establish an estoppel of the defendants to deny the execution of the contract alleged, or to show material alterations therein after its signature, where there was no change of relation upon the faith of such admissions or acts, and no prejudice resulted to plaintiff by reason of any reliance thereupon after delivery of the goods.

ID.—EVIDENCE OF ALTERATIONS—PLEADING—DENIAL OF EXECUTION.— Evidence as to material changes in the written instrument relied upon by plaintiffs, after the same was signed, was admissible under the issue raised by the denial of its execution. The effect of such evidence was not to introduce new matter, but to prove that the cause of action as alleged did not exist, and never had existed, and that the making and delivery of the contract set out in the complaint was not the act of the defendants, or an agreement ever entered into or contemplated by the parties.

ID.—EXPLANATION OF WRITTEN ADMISSIONS—CONVERSATION BETWEEN DEFENDANTS.—Evidence as to conversations between the copartners defendants, in the absence of plaintiff, or his agent, was admissible for the purpose of explaining certain written statements by one of the partners, claimed by plaintiff to be admissions against interest, and to prove information given by the other partner to him, tending to show the meaning and intent of the words employed, and the understanding of the writer of the letter as to the status of all parties.

ID.—INSTRUCTION PROPERLY REFUSED.—There was no error in refusing
  instructions requested by the plaintiff, one of which was inap-
  plicable under the evidence, and the other of which attempted to
  charge as to the weight and effect of testimony before the jury.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.   D.
K. Trask, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Will A. Strong, and Works, Lee & Works, for Respondents.

ALLEN, J.—Action to recover the price and value of cer-
tain goods alleged to have been sold by plaintiff to the de-
fendants under a written contract of sale and purchase.
Trial to a jury.   Verdict and judgment for defendants.
Plaintiff moved for a new trial, which was denied, and ap-
peals from the judgment and order.

Plaintiff by his complaint averred that the defendants, in
writing, ordered from the plaintiff certain goods and mer-
chandise to be shipped to Los Angeles, in which they agreed
to pay the price and value thereof, less a discount of twenty
per cent and freight, one-third in three months, one-third in
four months, and one-third in six months from date of ship-
ment.   That pursuant to such order, plaintiff shipped the
goods and defendants received the same and paid the freight;
that no part of the price and value had been paid to plain-
tiff by defendants.   Defendants denied that they ever pur-
chased the goods under a written contract, or otherwise; de-
nied that they ever executed a contract in writing for the pur-
chase of such goods; and by way of separate defense alleged
that the only contract or agreement ever entered into be-
tween plaintiff and defendants was for the consignment by
plaintiff to defendants of certain goods, to be by defendants
sold on commission; that defendants were to advance the
freight for plaintiff and to account to plaintiff for the amount
of goods actually sold, less a commission of twenty per cent
thereon for handling;   that the plaintiff was, by agent, to
effect the sales, defray any expense, and report such sales to

the defendants, who should fill orders for goods thus sold, and
become responsible for the price and value of orders filled.
That the only contract or agreement in writing ever entered
into was that plaintiff should prepare upon a printed form a
list of goods to be shipped under such agreement, and upon
presentation by plaintiff of what purported to be such list
defendants signed the same as evidence of willingness to re-
ceive such goods upon arrival at Los Angeles, and for no
other purpose; and by way of counterclaim the defendants
set up the contract, as in the separate defense averred, and
averred that they advanced certain freight upon such goods
and received the same in their warehouse, and plaintiff failed
and refused to negotiate sales thereof, or to receive said goods
from them, and they have been required to provide store-
room for them to their damage, for which they ask judgment.

Upon the trial plaintiff offered in evidence a written con-
tract, in effect as claimed by plaintiff in the complaint.   De-
fendants were permitted to introduce evidence that the writ-
ten instrument so offered in evidence by plaintiff was never
signed in the form presented; that many material alterations
has been made therein; that it had been in plaintiff's pos-
session continuously after signing, and that defendants had
never had possession thereof.   Further, that the only con-
tract ever made was as set out in the special defense and
counterclaim, and that the written agreement evidenced no
contract ever entered into between plaintiff and the defend-
ants.   There was much conflict in the testimony, and many
matters offered by plaintiff in the nature of admissions after
the goods had been shipped, and testimony as to the acts of
defendants connected with the paying of freight, and their
control, not consistent with their claim as to the character
of the instrument actually signed.   It was the duty of the
jury, however, to pass upon all of these questions of fact
and to determine the nature of the actual agreement; to de-
termine whether the written agreement had been executed or
not; and its finding, in effect, was that the agreement was
as claimed by defendants, and that the written contract re-
lied upon by plaintiff was never executed, and nothing ap-
pears in the record which would justify us in disturbing its
verdict.   None of the matters by way of admission, or acts
performed by defendants in connection with the receipt of

the goods and their custody over the same, amounted to an estoppel. There was no change of relation upon the faith thereof, and no prejudice resulted to plaintiff by reason of any reliance upon any acts or statement of defendant made or occurring after the delivery of the goods. Whatever force these admissions had was in connection with the main fact of the execution of the instrument. The evidence as to changes in the instrument after the same was signed was admissible under the issue raised by the denial of execution. The effect of this was not to introduce new matter, but to prove that the cause of action as alleged did not exist and had never existed. (*Landis* v. *Morrissey*, 69 Cal. 86, [10 Pac. 258].) That the making and delivery of the contract set out in the complaint was not the act of defendants. (*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 257, [87 Am. Dec. 75].) There was no admission that a cause of action once existed and a plea in avoidance, which would be a special defense, as in *Michalitschke* v. *Wells, Fargo & Co.*, 118 Cal. 688, [50 Pac. 847]. Nor was any of the evidence offered by defendants received for the purpose of changing or varying a written contract, the execution of which was established, but was properly received to show that the contract actually agreed upon to be signed was different from the one offered in evidence by plaintiff, and as tending to show the alterations therein and their materiality, and particularly to show that the instrument offered in evidence by plaintiff was not an agreement ever entered into or contemplated by the parties, and in support of the special defense.

The evidence as to conversations between the defendants in the absence of plaintiff, or his agent, was admissible for the purpose of explaining certain written statements claimed by plaintiff to be admissions against his interests. The information conveyed to one of the defendants by the other relating to the subject matter of such subsequent letter was competent as tending to show the meaning and intent of the words employed and the understanding of the writer of the letter as to the status of all parties.

We perceive no error in refusing charges II and III proffered by plaintiff. As to charge II, it was inapplicable under the evidence, while charge III is open to the criticism of attempting to charge as to the weight and effect of the testimony before the jury.

We find no error in the many other specifications not herein specially noticed.

The judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 20, 1906, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on August 20, 1906.