Walters v. Battenfield, 21 N. M. 413.

[No. 1820, February 21, 1916.]

## WALTERS v. BATTENFIELD.

### SYLLABUS BY THE COURT.

1.  A narration of facts, in an answer, in the form of new matter, which could all be properly proved under the general or specific denials made by the defendant, constitutes an argumentative answer.                    P. 415

2. Where an issue is formed by a general or specific denial, but defendant improperly attempts to add to the efficacy of the denial by narrating facts, all of which were provable under the general or specific denial, the burden of proving the facts constituting the issue made by the denial does not rest upon the defendant.                                    P. 415

Appeal from District Court, Roosevelt County; John T. McClure, Judge.

Action by Till Walters against William Battenfield. From a judgment for plaintiff, defendant appeals. Reversed and remanded for new trial. ·

GEORGE L. REESE of Portales, for appellant.

Appellee had the· affirmative, and the burden did not · shift. The answer was argumentative and did not confess and avoid.

2 Jones Comm. on Ev., sec. 177; Simonton v. Winter, 5 Pet. 141; Scott v. Wood, 22 Pac. (Cal.) 871; Freemont, Elkhorn & Missouri Valley Railroad Co. v. Harlin, (Neb.) 36 L. R. A. 417; Mobley v. Lyon et al., 134 Ga. 125, 19 Ann. Cas. 1004; McNutt v. Kaufman, 26 Ohio St. 127; Wall v. Hill's Heirs,· (Ky.) 36 Am. Dec. 578; Tedens v. Schmmers, 112 Ill. 263.

T. E. MEARS of Portales, for appellee.

Scott v. Wood, cited by appellant, is not in point, but the dissenting opinion contains the better reasoning.
Fowler v. Harrison, 42 S.·E. 159.

Defendant assumed burden of this issue by his own act.

OPINION OF THE COURT.

HANNA, J.—This is an action brought in the district court of Roosevelt county by plaintiff, Till Walters, against defendant, William Battenfield, to recover $500 as commission for services rendered in a. real estate transaction between defendant and J. W. Greenwood. From a judgmetn in favor of plaintiff for $400, defendant appeals.

Walters v. Battenfield, 21 N. M. 413.

There is a direct conflict of evidence as to the terms of the oral contract entered into between plaintiff and defendant. On the part of plaintiff the evidence tended to show that in May, 1914, he and defendant entered into an oral contract by the terms of which the plaintiff was to receive of defendant $500 for his services in bringing together the defendant and Greenwood for the purpose of negotiating for the sale or exchange of lands owned by those parties; that the $500 became due upon the execution of a contract of exchange of real estate effected between the defendant and Greenwood, and that defendant acknowledged the indebtedness and agreed to·pay it, but has refused to make such payment. On the part of defendant the proof tended to show that the real terms of the contract were that defendant should pay plaintiff $500 only in the event that the sale or exchange was actually consummated by the execution of good and sufficient deeds, and that the lands and title thereto of Greenwood were acceptable to defendant.

[**1, 2**] The first question we shall consider concerns the correctness of an instruction given by the court of its own motion. The court instructed the jury that in defendant's answer he affirmatively alleges that he was not to pay the plaintiff any sum whatever for his services until an exchange of his said farm, with the person procured by plaintiff, for other property, was finally consummated and fully completed and the title thereto satisfactory to him. The court further instructed the jury that:

"The burden of proof is upon the defendant to satisfy you by a preponderance of the evidence of the truth of each and all of the material affirmative allegations of his answer, as hereinbefore outlined to you, and if the defendant has satisfied you by a preponderance of the evidence of the truth of the affirmative allegations of the answer, then your verdict should be in favor of defendant."

Appellant argues that the allegations in the answer, characterized by the court as affirmative matter, were not in confession and avoidance, but were simply in the nature of denials of the matter contained within the complaint. Appellee insists that those allegations constitute

affirmative matter, the burden of proof thereof resting upon appellant; but if this is not true, still appellant has not been prejudiced because he tendered to the court three instructions which would have cast the burden of proof upon appellant had they been given. The fallacy of appellee's last contention is that the requested instructions referred to, if given, would not have cast the burden of the so-called affirmative allegations of the answer upon the appellant.

The complaint, in substance, alleged the making of a contract by the terms of which appellee agreed to procure a purchaser for the lands of appellant, whereupon $500 was to become due from appellant to him. At the trial the appellee shifted his ground, in that he asserted that all that he was required to do under the terms of the oral contract was to bring defendant and Greenwood together, and that when those persons entered into a contract respecting the sale or exchange of their lands, whether such contract had the effect of conveying the lands or was simply in the nature of a preliminary contract respecting the lands, his commission of $500 became due and payable from appellant. Under the allegations of the complaint no commission was due appellee until Greenwood had actually become a purchaser by way of sale or exchange, which would necessarily imply that such relation could not exist until a conveyance was executed by Greenwood having the effect of a deed, or perhaps a contract of sale without condition. The action of the court in casting the burden of proof upon appellant as to the so-called affirmative allegations contained in the answer was error. The error was likely induced by the unscientific pleading on the part of the appellant.

A mere examination of the pleadings shows that the matter alleged by appellant in his answer and designated "new matter" was not new matter such as is contemplated by the Code, but was simply matter in direct denial of what was stated in the complaint. It was entirely superfluous, and on motion would have been stricken, for it was no broader in effect than a general or specific denial. Section 4115, Code 1915, provides:

Walters v. Battenfield, 21 N. M. 413.

"The answer of the defendant must contain: First. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. Second. A statement of any new matter constituting a defense or counterclaim. * * *"

In Pomeroy's Code Remedies (4th ed.) at section 515, it is said:

"It has been shown that all the defenses are either (1) denials of all, some, or one of the plaintiff's allegations; or (2) affirmative new matter which assumes that the allegations of the complaint or petition cannot be disproved, but at the same time establishes other facts which defeat the right of action. * * * It is utterly impossible, therefore, that a denial, either general or special, if properly framed, should contain any affirmative matter, any allegation of facts in a positive and direct manner as though they constituted new matter, and a defense by way of confession and avoidance. A defense consisting in the narration of facts, stated under the form of 'new matter,' which were not, however, new matter, but which could all be properly proved under a denial. would be a violation of the true theory of pleading, and of the classification and description of defenses contained in all the Codes."

The author in the following sections then states that such manner of pleading simply alleges a defense which is of the same effect as a general or specific denial, and says:

"This is clearly an impractical as well as unscientific mode of pleading. Such a defense is an 'argumentative denial.' "

—and declares that the proper remedy therefor is preferably by way of motion to strike out as redundant and superfluous, which is the practice adopted in Indiana.

It is unnecessary for us to determine what remedy should be invoked under such circumstances. It is sufficient to say: That the answer in this case must be characterized as argumentative, for such affirmative allegations might all have been made the subject of proof and properly so, under the general and specific denials contained in such answer. Our statute permits only of denials, general or specific, and statements of new matter by way of defense. That new matter is "truly a confession and avoidance" (Pomeroy's Code Rem. [4th ed.] § 521), and when the

alleged affirmative allegations of the answer in this case are tested by such rule, they are clearly not "new matter," for the allegations of the complaint are not confessed and an avoidance thereby attempted, but are specifically and generally denied.

In 1 Sutherland, Code Pleading, the following statements are made:

"There is a practical uniformity in the Code provisions as to the contents of the defendant's answer. The requirements are: (1) A general or specific denial of the material allegations of the complaint controverted by the defendant; (2) a statement of any new matter constituting a defense or counterclaim. In all of the Codes it will be observed that the distinction between denials and new matter is preserved." Section 386.

"* * * But an averment in the answer to the contrary of what is alleged in the complaint is equivalent to a denial. * * *" Section 390.

"The Codes contemplate only two classes of defenses— general or specific denials of the allegations of the complaint, and statements of new matter constituting a defense or counterclaim. New matter is matter sought to be introduced by the defendant which is not disclosed by the pleadings; something relied upon by him, but not put in issue by the plaintiff, and is such matter as the defendant must affirmatively establish. It is a settled rule of code pleading that such matter must be specially pleaded, and a right to rely on the defense so pleaded must be affirmatively shown by the answer. In this respect there is no difference between the classes of new matter, for whatever admits, either directly or by way of necessary implication, that a cause of action as stated in a complaint once existed, but at the same time avoids it and shows that it has ceased to exist, is new matter. If, however, the facts averred merely show that some essential allegation of the complaint is untrue, they do not constitute new matter, but only a traverse. * * * In fact, the true test as to whether matter pleaded by the defendant in his answer is new matter is whether the burden of proof is thrown upon the defendant. * * *

Affirmative allegations in the answer which are in effect only denials are not new matter, for, as we have just noted, new matter confesses and avoids either expressly or impliedly the cause of action set up in the complaint. So any matter which does not discharge or avoid a cause of action theretofore existing, but the purpose of which is to show that the alleged cause of action never did exist and that material allegations of the complaint are not true, is not new matter such as is required to be specially pleaded. That is not new matter in an answer which might have been shown under a general denial." Section 457.

For definitions of "new matter," as used in the Codes, see 1 Enc. Pl. & Pr., p. 830, and cases cited.

In Churchill v. Baumann, 95 Cal. 541, 30 Pac. 770, the complaint alleged that defendants forcibly and wrongly diverted all of the water from a certain creek during certain months to plaintiff's damage in the sum of $8,800. The defendants denied that they diverted more than 550 inches of water, and denied that plaintiff was injured or damaged at all on account of that diversion. The court held that under these allegations defendants were entitled to prove that plaintiff cooperated with and assisted defendants in diverting water from the creek, saying:

"This was not such new matter as is required to be specially pleaded, since neither its purpose nor effect was to discharge or avoid a cause of action theretofore existing, but to prove that the alleged cause of action never did exist, by showing that the material allegation of injury and damage to plaintiff was not true."

In Leggatt v. Stewart, 5 Mont. 107, 2 Pac. 320, the plaintiff brought suit to quiet title to certain lands, alleging ownership and possession of the land. Defendants, after attempting to deny the ownership of plaintiff, alleged by way of "new matter" that they were the owners and in possession of said land. The court said:

"This is not new matter, for the reason that all the facts alleged therein might have been proved under a proper general denial."

In Godard v. Fulton, 21 Cal. 430, the complaint alleged the execution of a note and mortgage by defendant and assignment thereof by the holder to plaintiff, and alleged that the note was due and unpaid. Defendant denied the alleged indebtedness; denied that being indebted he executed the note; denied that the assignor was ever the legal owner or holder of the note, except as otherwise stated; denied that he became liable to pay the note; denied that there was anything due on the note; and denied that plaintiff ever became the owner or holder of the note. The answer then alleged that the note and mortgage was executed by defendant at the request of the

assignor, the first holder, and was to be placed in the hands of one Swain as security against certain debts due by defendant and the assignor, and the note and mortgage were to be returned to the maker when those debts were paid; that such debts were subsequently paid, the note and mortgage duly satisfied and redelivered to the assignor, and that defendant supposed the note and mortgage had been canceled by the assignor until several years after he learned that the assignor had not canceled the same. The court, after referring to the provision of the California Code concerning the contents of answers, which provision is similar to ours, said:

"The denial and the new matter are thus treated as different defenses. If what is claimed as new matter is in effect only a denial of the allegations of the claimant, it is not new matter within the meaning of the practice act. The circumstance that the answer consists of affirmative allegations, instead of a direct negative of the allegations of the complaint, does not determine that it consists of new matter. Thus, in the case of Frisch v. Caler [21 Cal. 71] * * * recently decided by this court, an answer averring payment of the promissory note, which was the cause of action, was held not to be new matter, because, although it was an affirmative allegation, its effect was only a denial of an essential allegation of the complaint, to-wit, the non-payment of the note. The court says: 'Whether matter is new or not must be determined by the matter itself, and not by the form in which it is pleaded, the test being whether it operates as a traverse or by way of confession or avoidance.' If the answer, either directly or by necessary implication, admits the truth of all the essential allegations of the complaint which show a cause of action, but sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought, those facts are new matter. But if those facts only show that some essential allegation of the complaint is not true, then such facts are not new matter, but only a traverse. In the case of Gilbert v. Cram, 12 How. Prac. [N. Y.] 455, the complaint averred a sale of goods, and that the defendant 'is now indebted to the plaintiffs' therefor. The answer averred that the sale was upon a credit of six months, and that the credit had not expired. It was held that the answer did not contain new matter, the facts only amounting to a denial of the allegation in the complaint that the defendant is now indebted. See, also, the cases of Stoddard v. Onandago Annual Conference, 12 Barb. [N. Y.] 573; Sawyer v. Warner, 15 Barb. [N. Y.] 382; Conger

v. Johnstone, 2 Denio [N. Y.] 96; Brown v. Archer, 1 Hill [N. Y.] 266. * * *

"The facts set up in the answer show that McKee [assignor] never had a cause of action against Fulton on the note. They do not, directly or impliedly, admit that McKee ever had a cause of action. * * * The answer, therefore, is a traverse, and not a confession and avoidance."

See, also, the following cases: Perkins v. Brock, 80 Cal. 320, 22 Pac. 194; Alden Imp., etc., v. Carpenter, 7 Colo. 87, 1 Pac. 904; Persch v. Weideman, 106 App. Div. 553, 94 N. Y. Sup. 800; Bolton v. Mo. Pac. Ry. Co., 172 Mo. 92, 72 S. W. 530; Dwyer v. Rohan, 99 Mo. App. 120, 73 S. W. 384, 387.

We have made no attempt to collate all the authorities on this proposition, nor to do other than cite these cases as tending to establish the distinction between denials and new matter under the Codes. The consequence is that the so-called affirmative allegations of the answer not being "new matter" constituting a defense, but argumentative denials, the burden of proof with reference thereto was not upon the appellant. It is fundamental that:

"The burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial." 2 Jones, Comm. on Evd. § 177.

The plaintiff, appellee, had the burden of proving the issue as to the terms of the contract because he took the affirmative thereof, and the defendant, appellant, was not required to have a preponderance of the evidence on this issue to be entitled to save himself from having a judgment rendered against him.

One other question is presented by appellant which should be noticed. It is that the court commented on the weight of the evidence by instructing the jury that:

"I further charge you that the contract offered in evidence signed by J. W. Greenwood, and the defendant for an exchange of their lands is a valid and enforceable contract."

It is only necessary to say that while the court intended to instruct the jury that if they found that such contract

had been made between those parties, then they were instructed that the same constituted a valid and enforceable contract, there is some doubt as to whether the instruction given by the court did not violate section 2796, Code 1915, which prohibits commenting on the weight of the evidence by the trial court. However, it may be that the due execution, validity, and enforceability of such contract was an assumed or admitted fact in the case, in which event there would be no error. But as this is not likely to occur on the retrial of this case, it is unnecessary to further consider the question.

For the reasons stated, the judgment of the trial court will be reversed, and the case remanded for a new trial; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.

