70 P.(2d) 906

## CITY OF RATON v. SEABERG.

### No. 4183.

Supreme Court of New Mexico.

July 15, 1937.

Robert A. Morrow, of Raton, for appellant.

Hugo Seaberg, of Raton, in pro. per.

ZINN, Justice.

The appellant, a municipal corporation, brought suit in two counts against appellee, who is engaged in the operation of a hotel in the City of Raton, known as the "Seaberg Hotel," to recover a license tax pursuant to an ordinance adopted by the municipality on May 23, 1927. This tax was imposed under the authority granted municipal corporations by 1929 Comp.St. § 90-502. Said section 90-502 was partially repealed by Laws 1933, c. 73 (see section 16 of said act), which chapter 73 was like-

wise repealed (Special Session Laws 1934, c. 33), but said Special Session Laws 1934, c. 33, was declared invalid. See Safeway Stores, Inc., v. Vigil, 40 N.M. 190, 57 P. (2d) 287.

The first count of the suit was to recover a license fee for the year ending January 15, 1933, and the second count was to recover the license fee which was due for the year ending January 15, 1934. The total amount claimed by appellant was $234.20 for the two years. The license fee under the ordinance is based on a flat sum of $125 per annum.

The appellee defended as to the first count of the suit, denying the authority of the municipality to enact the ordinance imposing the license or tax, and affirmatively claimed that the appellant had received and retained the full amount due it for the year ending January 15, 1933.

As to the second count the appellee tendered the amount he claimed due the municipality under his theory of the law to the clerk of the district court. He claimed he owed the municipality the sum of $40 based on the rate of $1 per annum for each $1,000 gross volume per annum of business done as provided by 1929 Comp.St. § 90-505.

Appellee also set forth in his separate defense other legal objections. These objections to the tax were set up by appellee as to both counts.

The municipality failed to reply. Thereupon the appellee filed a motion for judgment by default, setting up the defendant's failure to reply or demur to the affirmative matters pleaded in defense of the first or second count of the action as required by 1929 Comp.St. § 105-420, and moved for judgment under 1929 Comp.St. § 105-421. The legal objections to the first count were waived by appellee for the purpose of testing appellee's right to judgment by default. He rested as to this count on the allegation of payment. The appellant resisted the motion for judgment by default without avail. The court entered its judgment in favor of appellee.

The answer was filed June 15, 1933, and served on appellant's attorney June 29, 1933. The motion for judgment by default was filed January 18, 1934.

█ The record is in a most deplorable condition. The city sued appellee for occupation tax for the years 1932 and 1933, in separate causes of action. As to 1932, after general denials which questioned authority of the city to levy the tax, the defendant pleaded payment of the sum of $47 as the full amount due it for occupation tax for 1932.

As to 1933, defendant denied generally allegations of the second cause of action and tendered and offered to pay into court the sum of $40 per year as the amount due under the ordinance which he contended was applicable to his business. However, although motion for judgment by default was filed January 18, 1934, the tender was not actually made good by deposit of the sum of $40 with the clerk until January 30, 1934, the day upon which, or the day after, the court must have granted the default

recited in the judgment. The motion therefor, as indicated, had been filed on January 18, 1934. Plaintiff's first pleading resisted default and prayed for leave to file reply on January 27, 1934. Whether between that date and January 29th an argument on motion for default had occurred, the record does not show. But on January 29th the plaintiff filed a separate "Motion for Permission to Further Argue Defendant's Motion for Default," etc. It was noticed for hearing on February 3, 1934. On February 10, 1934, the court entered its final judgment in the cause.

In said so-called "Motion for Permission to Further Argue Defendant's Motion for Default and for Permission of the Court to file reply," we find the following: "That said motion should be denied for the reason that issues of fact have been joined by the answer to both the first and second cause of action and require evidence in order for the court to decide said issues between the parties."

This clearly shows that the appellant did point out to the court that issues of fact had been joined upon which the court must first hear testimony before deciding against appellant on the question of "tender and payment" as raised by the appellant's answer to the first cause of action. The court had held that this issue, standing alone, after all other defenses had been waived by appellee, required no reply. The court should have heard testimony before rendering judgment.

In his motion for default the appellee expressly waived all legal objections set forth in his answer except payment and tender. Certainly this is true as to the first cause of action seeking a recovery for $47, for in his motion for judgment by default as to this item he says: "The defendant in and by this motion hereby waives all other defenses set forth in his said answers to the first cause of action, including the defenses demanding and providing for the nonsuit and dismissal of the complaint, which waiver is applicable only to the purpose of this motion and not otherwise."

As to the second cause of action, the waiver reads: "Defendant further moves that all supporting allegations in the answers to the said second cause of action supporting the judgment above prayed for may be judged to have been confessed by the plaintiff. But the defendant waives all other defenses, which are in excess and additional to the adjustment moved in the above paragraphs, applicable to the said second cause of action; such waiver, however, to be applicable only to the purpose of this motion, including the defenses demanding and providing for the nonsuit and dismissal of the complaint."

We are unable to gather from a reading of this waiver just what is intended thereby. All separate defenses pleaded, if good and sustained, naturally would support a judgment by default. The appellee moves that all "supporting allegations" be taken as confessed. And yet in concluding he says, "such waiver, however, to be applicable only to the purpose of this motion, including the defenses demanding and providing

for the nonsuit and dismissal of the complaint"; thus strongly intimating that the special defenses other than tender were embraced in the waiver, for if sustained they were of the very kind to demand a dismissal of the complaint and the defeat of appellant's action.

Appellee's motion for default judgment is predicated on appellant's failure to deny "new matter" pleaded in defense. The judgment expressly recites that the pleas of tender and payment are not "new matter." Previously the court states in the judgment that the appellee has set up in his answer "certain allegations" which in the court's opinion constitute "a plea or pleas in bar" and that said pleas in bar, in so far as this hearing is concerned, "stand confessed, inasmuch as no demurrer was ever filed to said plea or pleas, and no reply filed."

If the "certain allegations" referred to in the judgment are the so-called pleas in bar, or if they be anything other than the pleas of payment and tender, the court had no right even to consider them as to the first cause of action because they had been expressly waived for purposes of the motion for default. On the other hand, if the court referred to the pleas of payment and tender, it had no right to enter judgment by default, having ruled that such plea was not new matter. If not, it required no reply and the cause should have stood for trial as to the first cause of action on the complaint and answer.

What has just been said with reference to the first cause of action applies to the second cause of action if we should interpret the waiver similarly, with this exception: In the first cause of action the defendant pleaded that the $47 had been paid and received by the city in full payment of the license for 1932. If so, that settled the matter and the issue stood for proof. As to the second cause of action, the answer merely offered to pay $40 into court in settlement of the 1933 occupation tax. Appellee did not even make that tender good until January 30, 1934, the day on which, or the day after, the court must have granted the motion for default.

Apparently after entry of default the appellee moved for judgment on the pleadings. The case being at issue on the first count on the question of payment and acceptance, and the court having ruled the plea of payment not new matter, and appellee having eliminated from consideration on the motion all questions other than payment, we are unable to see how the court could render a judgment on the pleadings as to that count.

As to the second cause of action, the so-called waiver is so confused and uncertain in meaning and application that we think no judgment entered under it should stand. The issue as to the second count differs from the first in this, viz., that as to the first, tender and payment of a given sum in full of the claim was alleged and became issuable under the trial court's holding that it was not new matter demanding a reply. As to the second cause of action tender alone of a given sum as the amount claimed to be due composed

the issue. Even if the waiver as to the second cause of action were declared identical with that relating to the first, and the court should find the tender made as alleged, that would not settle the matter unless the court further found that the sum tendered was the correct amount.

But because we are unable to say what the waiver means as to the second cause of action and because the trial court improperly rendered judgment on the pleadings as to the first cause of action with issue joined, as the court held, on the plea of tender and payment, the judgment should be reversed as to both causes of action and the cause remanded. The parties will be permitted to reframe their pleadings as they may be advised.

It is so ordered.

HUDSPETH, C. J., and SADLER and BRICE, JJ., concur.

BICKLEY, J., did not participate.