120 P.2d 736

**RALLIS v. CONNECTICUT FIRE INS. CO.**

No. 4621.

Supreme Court of New Mexico.

Nov. 25, 1941.

Whatley, Garland & Weir, of Las Cruces, for appellant.

Fred E. Dennis, of Clovis, for appellee.

I. S. MOISE, District Judge.

This action was commenced by plaintiff, here denominated appellee, against the defendant insurance company, here denominated appellant, to collect on an alleged policy of fire insurance covering certain restaurant property of appellee located in the town of Hot Springs.

The complaint sets forth that on June 3, 1936, appellant, in consideration of the payment of $48.50, executed and delivered to appellee, through its agent N. A. Keithly, its certain fire insurance policy, insuring appellee for one year from June 3, 1936, to the extent of $2,500, on the equipment, stock

and fixtures of his restaurant against loss by fire. On April 22, 1937, the furniture and fixtures insured were damaged by fire, the loss to appellee being $1,514.31. In addition to the policy with appellant, appellee had $3,000 of additional insurance on said furniture and fixtures, and all of the policies contained provisions to the effect that each company should not be liable for a greater proportion of any loss or damage than the amount of its policy would bear to the total insurance covering the property. The pro rata proportion of the loss to be borne by appellant amounted to $688.33, and this is the amount sought to be recovered in this action.

Appellant, by its answer, denied generally the facts set forth above, and specifically denied the issuance, execution or delivery of the insurance policy in question, or that said policy was signed by the agent of appellant or that appellant ever received payment of any sums whatsoever on account of the policy.

The appellant further set up in its answer by way of new matter, the fact that appellee had settled with the other two interested companies for $1,225.98, by virtue of which appellant claimed to be released from any obligation on its policy.

The case remained in this condition with only the complaint and answer on file for over two years, when two days before the date set for trial appellee moved to strike that portion of appellant's answer setting forth release of it by virtue of settlement of the claims with the other two companies.

Over the objection and exception of appellant the court sustained the motion to strike, the record showing that the court considered it as untimely, but taking into consideration certain facts known to the court concerning sickness of counsel for appellee, nevertheless ruled on it. Thereafter, and on the day set for trial, appellee filed a reply in which he specifically denied each of the allegations contained in the answer, and appellant moved orally for judgment on the pleadings on the ground appellee had failed to reply within the time allowed by law, and that the allegations of new matter constituted a good defense and were admitted by failure to deny in a reply. The motion was overruled, and the case proceeded to trial before a jury, resulting in a verdict in the amount of $688.-31 in favor of appellee. Judgment having been entered pursuant thereto, this appeal is prosecuted.

Eight assignments of error are relied on by appellant, the first two of which are predicated on the court's action in sustaining the motion to strike and overruling the motion for judgment on the pleadings and permitting a reply to be filed more than two years after the answer was filed, and six assignments being directed to alleged errors in the trial.

Before reciting the facts proved at the trial we will dispose of the two assignments directed at the pleadings.

Appellant argues at great length to the effect that the court abused its discretion in permitting a reply to be filed more than two years after the answer was filed, and that

the motion for judgment on the pleadings should have been sustained.

We have examined the pleadings most carefully, have concluded that the answer set up no new matter which could not be proved under a general denial, and consequently no reply was required. Accordingly there could be no error in permitting appellee to file a reply. We arrive at this conclusion on the authority of the following New Mexico cases: Walters v. Battenfield, 21 N.M. 413, 155 P. 721; H. A. Seinsheimer & Co. v. Jacobson, 24 N.M. 84, 172 P. 1042; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110; City of Raton v. Seaberg, 41 N.M. 459, 70 P.2d 906.

In these cases are set forth the rules to be applied in determining when a reply is required, and it is determined that a reply must be filed only when facts are alleged in an answer which could not be proved under the general denial, or in other words matter which confesses and avoids the cause of action alleged in the complaint. In the instant case it was incumbent on appellee to prove by a preponderance of the evidence the due execution and delivery of the policy in question. Under the general denial appellant could prove any facts which were pertinent to show that the policy had not been executed or delivered, including its theft or forgery, and the fact that it specifically asserted these circumstances in its answer could not change the situation in this regard. The burden of proving the due execution and delivery of the policy was on appellee, and the assertion of forgery did

not place the burden on appellant. Dennie v. Clark, 3 Cal.App. 760, 87 P. 59; Preston Motor Sales Co. v. Preston Motor Corp., 207 Ala. 177, 92 So. 418; 17 C.J.S., Contracts, § 560, page 1196.

We come now to the second assignment of error in which appellant asserts error because of the court's action in sustaining the motion to strike. The contention of appellant is based on the argument that the matters alleged were not controverted by any reply and consequently were admitted, and that the court could not order them stricken. This would be true if they constituted a valid defense to the matters alleged in the complaint. However, from an examination of the authorities hereinafter cited it is clear that they do not constitute any defense.

In the case of Globe National Fire Insurance Co. v. American Bonding & Casualty Co., 205 Iowa 1085, 217 N.W. 268, 271, 56 A.L.R. 463; in speaking of the right of a co-insurer, the following is said: "Its liability was fixed by the face of its policy and its proportionate relation to the coinsurance. The liability of the coinsurers to the insured was several and not joint. Neither had any interest in the liability of the other except a mathematical one. The proportionate liability of the one necessarily determined the proportionate liability of the other. That proportion being determined in accord with the terms of the respective policies, it could not be changed to the detriment of either coinsurer by the voluntary act of the insured in accepting from the other

coinsurer less than his proportionate liability. Neither coinsurer has any interest or control over any settlement which the insured may choose to make with the other." And cites: 26 C.J. 152, 455; 4 Joyce, Inc. 2492; 1 Joyce, Inc., 2d Ed., 133.

In 26 C.J. 455, the following is stated: Pro Rata Liability: Where each policy stipulates to pay the proportion of the loss which the amount insured by it bears to the whole amount of insurance on the property, the contracts are independent, and each insurer binds itself to pay its own proportion without regard to what may be paid by others and no right of contribution exists in favor of either of them.

That such is the universal rule is amply demonstrated by reference to the following cases: Fireman's Fund Ins. Co. v. Palatine Ins. Co., 150 Cal. 252, 88 P. 907; Fidelity & Casualty Co. of New York v. Fireman's Fund Ind. Co., 38 Cal.App.2d 1, 100 P. 2d 364; Austin v. Dixie Fire Ins. Co., 232 Mass. 214, 122 N.E. 382. The last case cited is very similar to the instant one on its facts.

■ That this should be the rule is apparent from an analysis of the facts. Appellee had three policies of insurance for a certain maximum amount, but limiting the liability of each company to the pro rata portion of the loss that the policy bore to the total insurance. Each contract was separate and independent and was not issued in connection with any other policy. The liability of appellant must be determined by its contract, and this provides for pro rata payment. When this amount has been deter-

mined the liability is fixed. See 6 Cooley's Briefs on Insurance, 2nd Ed, 5113.

■ Since the matters stricken by the court did not amount to a valid defense, there was no error in striking them.

The remaining assignments of error are directed at the court's failure to submit certain requested instructions, and upon its action in submitting over objection, certain other instructions which it is claimed were not proper.

The court, over the objection and exception of counsel for appellant, gave its instructions XXII, XXV and XXVI. These instructions were as follows:

"XXII: But if you believe from a preponderance of the evidence that the defendant company knew that R. A. Glass acted as solicitor of insurance and clerk or as either of them in the office of the company's agent, N. A. Keithly, and that he used her office and the facilities in the same, and that she permitted said R. A. Glass to solicit insurance, write policies, deliver the same and collect premiums in her behalf, and that said R. A. Glass so solicited insurance, wrote policies and collected premiums and accepted assignments of policies and that the defendant company accepted and recognized policies so secured and written, then you should find that the defendant company ratified the acts of said R. A. Glass regarding all policies so solicited or written by him including the policy of the plaintiff and is estopped from now denying that such policies are valid.

"XXV: If you believe from a preponderance of the evidence that R. A. Glass assumed to act for N. A. Keithly, agent for the defendant company, in soliciting insurance, writing policies for the same and collecting premiums for the same and delivering the policies to the insured, and that the defendant company accepted liability under such policies, then you should find that the defendant company ratified the acts of said R. A. Glass as to such policies and as to all policy-holders whose policy contracts were solicited or secured or written by said Glass.

"XXVI: If you believe from a preponderance of the evidence that the agent of the defendant company, N. A. Keithly, permitted or encouraged R. A. Glass to use her office and the facilities of the same and permitted or encouraged him to solicit insurance, to write policies and deliver the same, to collect premiums in her behalf, as agent of said defendant company, and permitted or encouraged said R. A. Glass to hold himself out to the public as an agent for N. A. Keithly or for the defendant company then you should find that said R. A. Glass was in fact an agent of defendant company with regard to all policies so solicited or written by him and especially with regard to the policy of the plaintiff."

The exception to these instructions was on the ground there was no evidence to justify them. In this we agree with counsel.

The evidence showed that Glass occupied the same office with N. A. Keithly, the agent of appellant, and did some typing for her, that appellee ordered the insurance from him, received the policy from him and paid him for it. There is also some evidence, admitted without objection concerning other activities of Glass in connection with other fire insurance policies issued by appellant. There were two such instances shown, one being a policy issued to Dr. H. B. Johnson, and the other being a policy issued to H. J. Martin, in which Martin's interest was transferred to W. E. Reeves. Both policies appear to be countersigned by N. A. Keithly, and in both instances she denied that she had signed them. Also, on the face of the Martin policy it appears that the consent to the assignment from Martin to Reeves was signed on behalf of the appellant "N. A. Keithly, by R. A. Glass". In both cases, it appears that appellant, upon inquiry, admitted the binding effect upon it of these two policies. Standing alone, this would seem to be sufficient to show ratification by appellant of the acts of Glass, or to raise an estoppel against appellant preventing it from denying his authority if it is assumed that the activities of Glass were known to appellant. However, upon a further examination of the evidence it becomes clear how this could result without actual knowledge on the part of appellant of Glass's activities. If the policies were paid for upon accounts being submitted by the company, as asserted by Mrs. Keithly, without her checking her records, or being able to do so, then if Glass reported the policies apparently bearing Mrs. Keithly's signature, and she then paid them the premiums, it is evident that there would be no knowledge on their part of the activities of Glass. Likewise, it

does not appear that appellant knew that the consent to the assignment of interest from Martin to Reeves, which showed on its face that Glass had signed Mrs. Keithly's name, had ever actually been shown to any person who could bind appellant. All that appears is that the assignment and consent had been reported to the company and accepted by it. This could very well, in the light of the situation as it existed there, have been done by Glass again signing Mrs. Keithly's name. To say the least, there is a total lack of evidence that appellant knew of any of Glass's actions.

▇▇ It follows from this review of the evidence that the court submitted to the jury in the instructions quoted, the question of whether or not the appellant or Mrs. Keithly had permitted Glass to act for them, so as to result in an estoppel or ratification. That such result could follow in a proper case we do not doubt, but here, as we have pointed out there is no evidence that Mrs. Keithly, or appellant knew of the activities of Glass, and on the contrary, all the competent evidence is to the effect that they had no knowledge of these activities. This being true, there was no issue of fact presented which required determination by the jury, and by submitting these instructions a false issue not raised by the pleadings or proof was injected into the case. This was reversible error. Jackson v. Deming, I. & E. Co., 26 N.M. 3, 189 P. 654; Security Trust & Savings Bank v. Ravel, 24 N.M. 221, 173 P. 545.

What was said in Jackson v. Deming I. & E. Co., supra, is peculiarly applicable here. In that case, as in this phase of the present case, liability under the issues was dependent upon knowledge of certain facts having been brought home to certain responsible parties. There was no evidence from which the jury could find that it had been, but the question was submitted in one of the instructions. The court had the following to say concerning this action by the court, which language is pertinent to our present discussion [26 N.M. 3, 189 P. 656]: "There is absolutely no evidence in this record upon which to base this instruction. The evidence shows that the wires were in fact down in the public street, but it fails to show that the appellant was notified of that fact. The evidence not only fails to show that the appellant was notified, but it conclusively establishes the fact that it was not so notified. The court, in giving this instruction, assumed that there was evidence that the appellant was so notified, and in this way submitted to the jury a false issue, based upon assumed facts, not supported by any evidence, and which was highly prejudicial to the defendant. That such action constitutes reversible error requires no citation of authority."

Reversal of the case being required as stated above, it is not necessary to discuss the other errors complained of, and neither is it necessary to discuss the effect of the efforts of appellant to give notice to appellee of the fact that the policy in question was not in force.

For the foregoing reasons the judgment will be reversed and the cause remanded to the district court, with instructions to award a new trial.

And it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.