GOREE *vs.* WALTHALL, ADM'R.

[TROVER BY ADMINISTRATOR AGAINST WIDOW FOR CONVERSION OF PERSONAL CHATTELS, CLAIMED BY HER UNDER PAROL GIFT FROM HUSBAND DURING COVERTURE.]

1. *Gift to wife during coverture; husband may make, of personal chattel, by parol.*—Under the statutes of this State, the husband may make a valid gift by parol, of personal chattels, to the wife during coverture, and the title vested in her thereby, is good at law, without a resort to equity.

2. *Same; what gift is subject to.*—The wife takes such a gift from her husband, subject to the just claims of his creditors existing before the gift, and to all the equities of good faith and fair dealing.

3. *Manual delivery; when not necessary.*—Where the gift consists of a ponderous article, or things not capable of handling, as, for instance, a carriage and horses, there need not be an actual manual delivery of the property to the wife ; but any circumstances amounting to a clear demonstration of the intention of the donor to transfer, and the donee to accept, the property given, and which put it in the power of the donee, or give the donee authority to take possession of the thing given, are enough to complete the right. And these circumstances are to be left to the jury.

APPEAL from the Circuit Court of Perry.
Tried before Hon. JOHN MOORE.

The opinion contains the facts of the case.

SAM'L F. RICE, and WM. M. BROOKS, for appellant.
BAILEY & BRAGG, and WATTS & TROY, *contra.*

PETERS, J.—This cause was submitted at last term,
and held under advisement until the present term of this
court. It was an action of trover commenced in the Perry
circuit court, by Walthall, as the administrator of Robert
T. Goree, deceased, against Mary F. Goree, the widow of
said deceased, for a carriage and horses, and carriage gear,
which was claimed by Mrs. Goree as a gift from her hus-
band, made after marriage and before his death. The
summons purports to have been executed on the 26th day
of August, 1858, but the bill of exceptions is dated in No-
vember, 1857. This latter date was doubtless a clerical
misprision. And as no objection was taken to it on the
argument at the bar, it is an irregularity that will not be
further noticed here.

The bill of exceptions contains all the evidence which
was delivered to the jury. The testimony set out in
the bill of exceptions is wholly uncontradicted. And in
this evidence, thus set out, there is some proof tending to
show a parol gift by the husband to the wife, during cover-
ture, of the property sued for. The property came into
the possession of the wife by what the husband declared
to be a gift, just before his death, and the wife held it and
claimed it as her own, under her possession thus derived,
until after her husband departed this life. At the date of
the commencement of the wife's possession, her husband
and herself were domiciled in this State and inhabitants of
the same. The wife's possession had its beginning in the
State of Louisiana, but was continued in this State during
the life of the husband up to his decease.

On the trial, " the court, at the instance of the plaintiff "
below, " charged the jury, that the remedy of the defend-
ant" below, " was not in this court, but in a court of equity,

and that if they believed the evidence, they must find for the plaintiff." This charge was excepted to by the defendant, and the objection reserved; and, thereupon, a verdict was rendered in favor of the plaintiff for damages to the amount of the value of the property mentioned in the complaint. On this verdict judgment was accordingly entered, and from this judgment Mrs. Goree appeals to this court, and assigns the charge of the court and the judgment below against her for error.

If a husband who is domiciled in this State can make, during coverture, a valid parol gift to his wife of personal chattels, which vests in her such a legal title as to enable her to defend her possession of such chattels at law, without a resort to equity, then the charge of the court below was erroneous; because there was proof strongly tending to show a gift by parol, made by the husband to the wife, of the property, made after her marriage to him and whilst the coverture still lasted. The charge was calculated to take this proof from the jury, and it invaded their province to determine the fact of gift or no gift. This charge left the jury no choice. It was, in effect, a verdict by the court.

But if the husband could not give, by parol, the property in controversy to his wife during coverture, then the charge of the court was right, and it ought to be sustained; because the proof showed that, if it was a gift at all, it was made by the husband to the wife during coverture, by parol. If such a gift was void at law, it could not clothe the wife with any legal title to the property thus attempted to be bestowed upon her, and she could not defend her possession at law; however solemnly and formally the gift might have been made, against the husband it must fail, at law.

But is it true, as a legal proposition, that under the law of this State, a husband can not, during coverture, make a gift, by parol, of personal chattels to his wife, which would be good at law? We think not, but the reverse of this proposition is true.

So far as the acquisition and ownership of property is concerned, the former common law relation of husband and wife, if not wholly overturned, is so greatly modified

by the statute law of this State as to require a system of
rules of its own, in conformity to the law governing this
relation in reference to the acquisition and ownership of
property.

Under our statutes, the wife is a property holder, sep-
arate and apart and independent of the husband, both in
law and equity. Her identity in this respect is not merged
in him. She has all the rights to acquire property, and to
hold it and enjoy it, that the husband has himself, with one
single exception, and under the restrictions of the statutes
enacted for her protection. The exception is, that the
"husband and wife can not contract with each other for
the *sale* of any property."—Rev. Code, §§ 2371, 2374. She
can not buy property from her husband, nor her husband
from her. This is the only prohibition. This is most
clearly so, upon the familiar rule of construction, that the
mention of one prohibition excludes all other prohibitions
not mentioned. This rule applies to the constructions of
statutes as well as to contracts.—3 Story, 87.

Then the wife may acquire property just as the husband
may acquire property, except in the single manner forbid-
den in the statute. In this she stands on an equal footing
with him. She is his equal and his peer. The law so in-
tends it. Then the wife, after marriage and during cover-
ture, may become entitled to property in any manner that
the husband may do, to the same, and she holds her property
under limitations of the statute by like title that any other
person may hold similar property, if it is not held by *sale*
from the husband. The statute is made for her protection
and assistance, and not to cumber her with inabilities, as
at common law. The statutes of this State clothe the wife
with the great, inalienable right to own and hold property,
as any other reasonable human being may do, under the
limitations imposed by law.—Const. Ala. 1867, art. I, § 1.
And they do not forbid the husband to make her the recip-
ient of his bounty, even if he choose to give her "all the
substance of his house." But if the wife accepts a gift
from the husband, she takes it subject to the just claims of
the creditors of the husband existing before the gift, and
to all the equities of good faith and fair dealing.

I feel strengthened in the correctness of this conclusion, by the action of our eminent predecessors in this high tribunal.

In *Saunders v. Garrett*, it appeared that Saunders was garnished in 1857, under a judgment in favor of Garrett against Stewart, to answer what he (Sanders) owed Stewart. The garnishee answered, " that he is indebted to said defendant (Stewart) or his wife, Sarah L. Stewart, by promissory note, in the sum of $175 00, due January 1st, 1856, which note was given by him to Sarah L. Stewart, wife of said defendant; the trade for which it was given having been made and agreed upon by both defendant and his wife." Upon this answer at common law, before the passage of the statute protecting the wife's estate, it would have been the duty of the court to have rendered judgment against the garnishee, condemning the debt to the payment of the judgment against the husband, Stewart. But under our statute for the protection of the rights of married women, this court decided that Garrett took nothing by his garnishment.—33 Ala. 454; *Roland v. Logan*, 18 Ala. 310.

This case establishes the position, that under our statute a married woman has the capacity to become a property holder and a property owner, and that her capacity in this respect is limited by the statute only. And it does not appear from the words, or from the just construction of the law, that she is in any manner prohibited from holding property *given* to her by her husband, we feel bound to decide that she may hold property acquired in that way. The fact that this statute does contain a prohibition against the husband and wife contracting with each other for the *sale* of any property, coupled with the further fact that the same statute contains *no* prohibition against a *gift* by the husband to the wife, must operate to give strength to this conclusion. It follows from this, that the husband may make a valid gift, by parol, of personal chattels to the wife, during coverture; and that such gift is a sufficient title to justify and sustain a defense at law, without a resort to equity.

Besides the question above settled, it was insisted at the

bar, in the argument of this case, that a gift by parol can not be completed without an actual and formal delivery. We do not deem such a delivery necessary in this case to constitute such a gift. All that should be required is, that the donor shall abandon his property in the thing given, and that the donee shall step into his shoes. Any thing that amounts to this is sufficient. In such a gift as that in controversy in this case, actual manucaption by the donee is not indispensable. It is not to be expected that a wife would accept the gift of a carriage and horses as she would a watch or a jewel, from her husband. If he brings such a gift to the house where she is tarrying, with the declared intention of bestowing it upon her, causes her name to be engraven on the carriage, calls her out to try it, tells her it has been bought for her, and that it is hers and not his, and leaves it in her possession and under her control, and she remains in possession of it, claiming it and controlling it as her own, as a gift from her husband, until his death,—this is a sufficient delivery to perfect the gift. In such cases, *by delivery*, is not meant an actual manual delivery, but any circumstances amounting to a clear demonstration of the intention of the donor to transfer, and the donee to accept the thing given, and which puts it into the power of the donee, or gives such donee authority to take possession of the thing given, is all that is necessary to perfect the gift. And these circumstances are facts to be left to the jury.—*Reid v. Colcock*, 1 Nott & McCord, 592, 603. The proofs in this case fully sustain such a delivery, and the gift was good at law.

The court below erred in the charge to the jury, as shown in the record. And for this error, the judgment of the circuit court is reversed, and the cause is remanded for a new trial in the court below, and the said appellee, Walthall, as administrator of the estate of Robert T. Goree, deceased, will pay the costs of this appeal in this court and in the circuit court.