# Lyles v. Clements.

### Action for Rent, and on Common Counts.

1. *When married woman may contract and sue for rent of lands belonging to statutory separate estate ; plea of coverture.* — A married woman, owning a statutory separate estate in lands, may, with the assent of her husband, make a valid contract

for the rent, and sue in her own name on the contract, unless the rent is claimed by her husband; and where the suit is brought in her name, by her husband as her agent, a plea setting up the plaintiff's coverture, either in abatement, or in bar, is bad.

2. *Error without injury in admission of irrelevant evidence.* — The admission of irrelevant evidence, which could not possibly have affected the result of the case, is, at most, error without injury.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. CHARLES PELHAM.

This action was brought by Mrs. Tempy Clements against William Lyles, and was commenced by attachment, sued out before a justice of the peace. The complaint filed in the Circuit Court contained five counts: the first claiming " one hundred dollars, for the rent of land in said county for the year 1870 ;" the second, " the further sum of seventy-five dollars, by account stated between the plaintiff and defendant, to wit, on the 1st day of January, 1870 ;" the third, " the further sum of seventy-five dollars, for goods, wares, and merchandise furnished by the plaintiff to the defendant, at his special instance and request;" the fourth, " the further sum of seventy-five dollars, for land in said county rented by plaintiff to said defendant, at his special instance and request, for and during the year 1870 ;" and the fifth, " the further sum of seventy-five dollars, for work and labor done by the plaintiff for the defendant, at his special instance and request." The defendant pleaded, " in short, by consent : " 1st, " that Tempy Clements was at the commencement of this suit, and now is, the wife of Benjamin Clements ; and the demand sued for is for the rent of real estate, which she held, and still holds, in her separate right under the laws of this State, which rent accrued since the marriage ;" 2d, payment; and 3d, set-off. The plaintiff demurred to the first plea, and the court sustained the demurrer. The record does not show what grounds of demurrer were specified, but the minute-entry recites, that the demurrer was " in short, by consent." Issue was joined on the other pleas, and a trial had before a jury.

" On the trial," as the bill of exceptions states, " the plaintiff testified, in her own behalf, that she was married to Benjamin A. Clements, in this State, in 1865, and they had ever since lived together as husband and wife ; that she rented to the defendant, in February, 1870, the lands for which she is claiming rent in this action ; that, by the terms of said contract, the defendant was to pay one hundred dollars rent for the land for the year 1870, and put in what labor he had already done on the place, and repair the fence so that it would stand four years ; that he was to pay the money in the fall, when he sold his cotton ; and that he paid on the contract, in the summer of 1870, twenty-five dollars, said payment being

[Lyles v. Clements.]

a large kettle for boiling syrup. The plaintiff then stated, in answer to a question by her own counsel, that she was the owner of the land which she rented to the defendant; which statement the defendant moved to exclude from the jury, because the same was illegal evidence, and because the highest and best evidence of ownership was a deed, or paper title. The court overruled the motion to exclude, and the defendant excepted. This being all the evidence offered by the plaintiff, the defendant moved to exclude said evidence from the jury: 1st, because of the variance between the proof and the averments of the complaint; 2d, because the proof shows a special contract, and the complaint contains only the common counts, or counts to which this evidence is not applicable. The court overruled the motion, and the defendant excepted.

"The defendant was then sworn as a witness, and testified that he rented the land from the plaintiff for the year 1870, and promised to pay her one hundred dollars rent, and no more; that there was on the place about sixty or sixty-five acres of tendable land; that he first rented the place from the plaintiff, and took possession thereof a few days before Christmas, 1867, and has continued in possession ever since; that he paid the plaintiff, as rent, in the years 1868 and 1869, one third of the corn and one fourth of the cotton made on the place; that there was no contract between them that he should do so, but he paid it, and the plaintiff received it, because it was customary, and they both knew what was customary. The defendant then offered to prove that, when he went into the possession of said land, the fences, stables, cribs, &c., were out of repair, and plaintiff agreed that she would pay him for making all necessary and proper repairs; that she was to pay him one dollar per hundred for splitting and putting up new rails, and twenty-five cents per hundred for all the new rails he would have split in the woods; that he did, under this agreement, split and put up many hundred new rails, cleaned out fence rows, repaired and removed fences, repaired stables, &c. The court refused to allow this evidence to go to the jury, because the witness had stated that, when he first took possession of the land there was no contract between him and the plaintiff; to which ruling of the court the defendant excepted.

"The foregoing being all the evidence, the defendant asked the court to charge the jury, that, if they believed all the evidence which the court had permitted to go to them, they must find for the defendant. The court refused to give this charge, and instructed the jury that, if they believed the evidence, they could find for the plaintiff such amount as, from all the evidence, they might be satisfied was due from him to the plaintiff, with interest thereon; to which charge,

[Lyles *v.* Clements.]

and also to the refusal to charge as asked, the defendant excepted."

The sustaining of the demurrer to the first plea, and the several rulings to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

L. E. PARSONS, for appellant.

PETERS, C. J. — The question first presented for solution, in this case, is that arising on the demurrer to the first plea, which demurrer was sustained by the court below. This plea is evidently drawn without any considerable regard for technical accuracy of form. It has no prayer, as it should have in such a case. Rev. Code, § 2641. And without this, whether it is intended as a plea in abatement, or a plea in bar, is by no means easy to determine. As a plea of coverture merely it is a plea in abatement; and as such, it should be verified by affidavit. Rev. Code, § 2640; Story's Pl. p. 13; 1 Bac. Abr. pp. 1, 18; 1 Chitt. Pl. p. 434; 25 Ala. 438. The demurrer does not point out the defects of the plea. It does not state any grounds of objection. Rev. Code, § 2656. But it may be presumed that, as it was pleaded with other pleas in bar, it was intended as a plea in bar. Such a plea must be construed to mean, that the plaintiff cannot maintain any suit, at any time, upon the cause of action set out in the complaint. 1 Chitt. Pl. pp. 434, 460 *et seq.*

The cause of action declared on in this case is a contract for the payment of · a sum of money, made by the defendant with the plaintiff, for the rent of land, which is shown by the evidence to have belonged to the plaintiff as a part of her separate estate. The defendant does not deny this, and his plea in effect admits it. But he insists that such a contract cannot be enforced by her; which is, in effect, to insist that the contract is void, or that the plaintiff has no legal right to recover on it. I so understand the argument of the learned counsel for the appellant, in objection to the demurrer. This could not be made an objection at common law, if the principles of that system are intended to be invoked; because, at common law, the wife could deal with her separate estate, so far as the personalty and the rents of the realty were concerned, as a *feme sole;* unless some clause in the settlement or gift limited her powers. *Vizonneau* v. *Pegram,* 2 Leigh, 183. Without our statute, her contract to rent her lands would be valid and sufficient. Then, does the law of the Code limit her powers over her estate in this particular? Under it, has she now the power to rent her lands of her separate estate? Under our law, the rents, income, and profits are a part of the separate estate of the wife.

[Lyles v. Clements.]

The husband may, nevertheless, control these assets; he may use them, and squander them, if he chooses, without accounting with her or with her representatives for the same. Rev. Code, § 2372. But this does not amount to an absolute gift to him, or wholly exclude her right of use over this portion of her estate. The wife's whole separate estate, not exempt from sale under legal process, is liable to the satisfaction of her debts contracted before marriage, and also on all contracts for articles of comfort and support of the household, under the circumstances prescribed in the Code. To pay her debts, and support her household out of her separate estate, are duties imposed by law on her estate. To perform these duties, she must stand on the same powers that would be necessary and proper for any one else, standing in her place; just as her husband would stand, were like duties imposed on him. Short of this would be short of justice to her. The husband's power over his estate, to pay his debts and to support his household, is that of a sovereign. It is absolute. *Crawford et al.* v. *Kirksey et al.* June Term, 1872; 8 Wheat. 242; *Harkins et al.* v. *Bailey et al.* June Term, 1872; 2 Kent, 326. And what Chancellor Kent says of marriage settlements may be not inaptly applied to this law of the wife's separate estate. It is benignantly intended to secure to "*the wife a certain support in every event,* and guard her against being overwhelmed by the misfortunes, or unkindness, or vices of her husband." 2 Kent, 164, 165, 166. It is scarcely necessary to attempt any discussion of the husband's claim to the rents, income, and profits of the wife's estate, in this opinion. The husband sets up no claim to these in this suit. Doubtless, he may relinquish or give to the wife all his claim to the rents, income, and profits of her estate. *Goree* v. *Walthall*, 44 Ala. 161; 2 Kent, 163; *Slanning* v. *Style*, 3 P. Wms. 334; *Rich* v. *Cockrell*, 9 Ves. 369; also, *Neufville* v. *Thompson*, 3 Edw. (N. Y.) Ch. R. 92, and 1 Dev. Eq. Cas. 187. If the husband does this, and this is to be inferred from the fact that he brought the suit in her name, it then becomes the property of "the wife," to be held under the system instituted by the Code. It becomes a portion of the *corpus* of her separate estate. Rev. Code, §§ 2371, 2382, 2388. When this is the case, there can be no doubt of her right to sue for it, and recover it in her own name, as property that "relates to her separate estate." Rev. Code, § 2525; *Pickens* v. *Oliver*, 29 Ala. 528. I think the evidence set out in the bill of exceptions authorized the learned judge in the court below to take this view of the case, as presented to the jury. And his refusal to give the charge asked by the defendant was proper and free from error. There was also no error in sustaining the demur-

rer to the first plea. It was, in no sense in which I feel satisfied to construe the law, a proper plea.

The objection to the declaration of the plaintiff, that the land rented belonged to her, was in no wise hurtful to the defendant. Then, he has no legal ground to complain. Upon the issues on trial before the jury, it may have been irrelevant, but the fact, supposed to have been sought to be established by it, could not have changed the result. A renter cannot dispute the title of his landlord, in an action for the rent.

The judgment of the court below is affirmed.