# Smith v. Hiles-Carver Co.

*Bill in Equity to enforce Equitable lien on land.*

1. *A plea of nul tiel corporation must be verified.*—A plea of *nul tiel* corporation, not sworn to, is bad.

2. *A plea setting up a material alteration in a note must be verified.*— Under Code, § 2770, providing that a written instrument, purporting to be signed by defendant, and the foundation of the suit, must be

received in evidence unless its execution is denied by a sworn plea, a plea in an action on a note setting up the defense of a material alteration must be verified.

3. *Equitable lien on land.*—Where land on which there was a vendor's lien securing a note was, with the vendor's consent, exchanged by the vendee for another tract, and in place of the former note another is given, which recites that it is a land note, and that the land received by the vendee in exchange is bound for its payment and describes the land; the note constitutes an equitable mortgage on the land.

4. *Bill to enforce vendor's lien may be amended to equitable lien.*—A bill seeking to enforce a lien on land as a vendor's lien may be amended so as to enforce the lien as an equitable mortgage, the amendment making no change in the parties to the suit.

APPEAL from the Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

Prior to Nov. 1, 1886, the appellant, A. J. Smith, purchased a tract of land in Clay county, Ala., from one Daniel S. Smith, executed his note to said Smith for the payment of the purchase money, and went into possession of the property, said Daniel S. Smith having executed and delivered to him a deed of conveyance thereto. On November 1, 1886, A. J. Smith exchanged the lands thus purchased from Daniel S. Smith with one J. J. Holland for lands owned by said Holland in Cleburne county, Holland executing a deed to A. J. Smith for the lands in Cleburne county, and A. J. Smith executing a deed for the lands in Clay county, purchased from Daniel S, Smith. This exchange was made by A. J. Smith, with the consent of Daniel S. Smith, and upon the receipt of the deed to the lands in Cleburne county, and his taking possession thereof, A. J. Smith executed and delivered to Danial S. Smith a note in lieu of the note given for the purchase of the Clay county lands, which was as follows: "$700. Seven hundred dollars. By the first day of November next, I promise to pay Daniel S. Smith or bearer, the sum of seven hundred dollars, one hundred dollars a year, payable this Nov. first, 1886. This is a land note, and the following described land is bound for the payment of this note, to-wit, the north-east fourth of section sixteen township seventeen, R. nine, all in Cleburne county, Alabama." This note was duly signed by A. J. Smith and attested. This note was transferred by Daniel S.

Smith to one Stephen Nixon for a valuable considera-
tion, and by said Nixon was transferred to the appellee,
the Hiles-Carver Company. There was $200 paid on
this note. Upon the failure of the maker of said note
to pay the balance due thereon, the Hiles-Carver Com-
pany, on May 12, 1892, filed the bill in this case against
A. J. Smith to enforce a vendor's lien on the lands de-
scribed in the note. The bill was afterwards amended
so as to claim an equitable lien or mortgage on the land
described as security for the debt evidenced by the note,
and prayed for the foreclosure of the same in satisfac-
tion of the debt, alleging that it was the intention of the
maker and payee of the note, at the time of its execution,
that it should operate as a lien or mortgage on the said
lands as security for the debt evidenced by said note.
The respondent demurred to the bill as amended, among
others, upon the grounds that the bill as amended
was a departure from the cause of action stated in the
original bill, and that the prayer of the amended bill
was inconsistent with the prayer of the original bill:
The respondent also filed, as pleas to the bill as amend-
ed, the plea of *nul tiel* corporation, and also that the
note had been altered since its execution, without the
consent or authority of its maker. Neither of these
pleas were verified. The respondent also moved to dis-
miss the bill for the want of equity. The complainant
moved to strike the pleas from the file because they
were not sworn to by respondent. The chancellor
overruled the demurrers to the bill, and on the submis-
sion of the cause upon the pleadings and proof decreed
to complainant the relief prayed for in the bill. The
respondent appealed and assigns as error the decree over-
ruling the demurrers and the final decree granting relief
to complainant.

A. A. HURST and AIKEN & BURTON, for the appellant.
—The note sued on, was not given for land, and stating
that fact in the note does not make it so.—*Steiner Bros.
v. Clisby*, 95 Ala. 91. The bill can not be maintained as
one to enforce a vendor's lien as originally filed. The
bill can not be amended from one to enforce a *vendor's
lien*, to one to enforce a *contract lien*. It is a *new cause*
of action and a *departure*. The demurrer to the bill, as
amended, should have been sustained on this ground.—
*Kyle v. Bellinger*, 79 Ala. 516.

[Smith v. Hiles-Carver Co.]

MERRILL & BRIDGES, for the appellee.—Proof of corporation not required of complainant, unless that fact is denied by plea verified by affidavit. Acts of 1888–9, page 57.

Written contract sued on can be impeached only by plea verified by affidavit. Code, § 2770. And this rule applies to suits in chancery as well as to actions at law. —*Bonner et als. v. Young*, 68 Ala. 35; *Hooper, admr., v. Strahan*, 71 Ala. 75. To create a charge or trust which a court of equity will enforce as a mortgage, the form of the agreement is not material, and operative words of conveyance are not necessary; if the intention of the parties appears from their agreement, when read in the light of the circumstances surrounding them at the time, to charge the particular property with the payment of the debt.—*Newlin, Fernley & Co. v. McAfee*, 64 Ala. 357.

McCLELLAN, J.—The plea of *nul tiel corporation* was not sworn to, and was therefore bad. Acts 1888–9, p. 57.

For the same reason the pleas which averred an unauthorized alteration of the note which is the foundation of the suit after its execution were properly adjudged insufficient; and the evidence taken in support of them is not to be regarded. Without verification the note sued on was not open to impeachment, for alleged material alteration, at law or in chancery.—Code, 2770; *Bonner et al. v. Young*, 68 Ala. 35; *Hooper v. Strahan*, 71 Ala. 75; *Barclift v. Treece*, 77 Ala. 528, 532; *Lesser v. Scholze*, 93 Ala. 338.

The original bill in this case sought to enforce the payment of a note upon the theory that the debt it evidenced was secured by a vendor's lien on certain land, by a sale of said land. The facts were that the payee of the note sold to the maker a tract of land in Clay county on a credit, and took from him a note for the purchase money which was a vendor's lien on that tract. Subsequently the purchaser exchanged this tract with a third person for a tract in Cleburne county, and in substitution for the debt due for the Clay county land he gave to his original vendor the note on which this suit is founded. In this note is the following stipulation: "This is a land note, and the following described land is bound for the payment of this note. to-wit:" The tract

[Hoadley *et al.* v. John Purifoy, as Auditor.]

lying in Cleburne county for which the maker of the note exchanged the land purchased from the payee with said third person. On these facts, and stating them, the bill was amended so as to allege that the note, as the paper itself evidences, was executed and accepted by the parties with the understanding that the debt should be a charge or lien on the Cleburne land ; and its amended prayer is for the declaration of such charge as an equitable mortgage or lien and the sale of the said land to satisfy the same. This amendment made no new parties to the bill, nor struck any parties already before the court. It did not vary essentially, or at all indeed, the rights of the parties nor the character of the relief sought. It was clearly not a departure from the case made by the original bill, and was properly allowed.—*Moore v. Alvis*, 54 Ala. 356 ; *Hart v. Clark*, 54 Ala. 490 ; *Connor and Wife v. Smith*, 88 Ala. 300, 308.

The note itself shows that this debt was to be a charge on the land described in it, and that this was the understanding of the parties is further shown by oral testimony as to the circumstances of the transactions out of which the note issued. Upon these facts, there can be no question that the note constituted an equitable mortgage or lien on the land described in it;—*Newlin v. Mc-Afee*, 64 Ala. 357 ; and the decree of the chancery court which enforces it as such must be affirmed.