[New England Mortgage Security Co. v. Davis.]

# New England Mortgage Security Co. *v.* Davis.

*Petition to set aside Decree of Dismissal and to re-instate Cause.*

1. *Chancery practice; decree dismissing bill for want of prosecution; can not be set aside at subsequent term.*—A decree dismissing a bill in chancery for want of prosecution is a final decree, and the court has no jurisdiction to set it aside and to re-instate the cause on the docket at a subsequent term of the court.

2. *Same; rule of practice as to petition to set aside decree.*—Under the rule of chancery practice, providing that "either party, on timely application, may set aside his default, on' such terms as the court may impose," (Code of 1896, Rule 69, page 1217), the application must be made at the term at which the decree of dismissal is rendered, and comes too late if filed after the final adjournment of said term of the court.

APPEAL from the Chancery Court of Autauga.

Heard before the HON. J. R. DOWDELL.

The facts of the case are sufficiently stated in the opinion.

JAMES E. WEBB and CALDWELL BRADSHAW, for appellant.—The chancery court, after the adjournment of the term at which a decree of dismissal for want of prosecution (not being upon the merits), has the power to set aside such decree and re-instate the cause upon timely application.—*Trevillian v. Knight,* L. R. 1 H. L. 30; *Millspaugh v. McBride,* 7 Paige Ch. Rep. 509; *Day v. Allaire,* 31 N. J. Eq. 315; *Tripp v. Vincent,* 8 Paige 180; 5 Amer. & Eng. Encyc. of Law, 387; 1 Black on Judgments, § 305.

W. W. PEARSON, *contra.*—The chancery court could not set aside a decree dismissing a suit for the want of

prosecution which was made at a term subsequent to the one when the decree was rendered.—*Sullivan v. McMillan*, 26 Fla. 591, and authorities there cited.

TYSON, J.—On the 10th day of September, 1896, at a regular term of the chancery court of Autauga county, the complainant failing to attend and prosecute its suit, on motion of the respondents the chancellor dismissed complainant's bill for want of prosecution. On the 7th day of September, 1897, one year thereafter, at another regular term of said court, the complainant, appellant here, filed a petition seeking to have the decree of dismissal of September 10th, 1896, set aside and the cause re-instated on the docket. The chancellor denied the petition, stating in his decree refusing the petition, that the decree of dismissal of the bill was a final decree, and after the adjournment of the court at which it was rendered, the court had no power or control over it. From this decree of the chancellor denying the petition, this appeal is taken, and the same is now assigned as error.

We think there can be no doubt of the correctness of the ruling by the chancellor. The decree of dismissal of the bill for want of prosecution was as final as a decree of dismissal on the merits, and "unless the court otherwise orders is equivalent to a dismissal on the merits." Rule 28, Code of 1896, p. 1208. On an appeal from a decree dismissing a bill for want of prosecution, unless it otherwise appears from the record, we are bound to presume, that the cause was called to be heard in court, and complainant made default.

The only construction to be given to rule 69, Code of 1896, p. 1217, wherein it is provided that "either party, on timely application, may set aside his default, on such terms as the court may impose," when taken in connection with rule 84, p. 1220, same Code, is that such timely application shall be made at the term at which the decree of dismissal is rendered.

It follows, therefore, the decree of dismissal being final, the chancellor had no authority to set the same aside on the petition of complainant, after a final ad-

journment of the court.—*Byrd v. McDaniel*, 26 Ala. 582; *Ex parte Gist*, 119 Ala. 463.

There is no error in the record, and the decree of the chancellor is affirmed.