(92 South. 418)

## PRESTON MOTOR SALES CO. v. PRESTON MOTOR CORPORATION. (6 Div. 520.)

(Supreme Court of Alabama. Jan. 19, 1922.)

**1. Appeal and error ⬅➡664(2)—Court will look to the judgment in the minutes for rulings on demurrers to pleas and will be governed thereby.**

The Supreme Court will look to the judgment of the court in the minutes for the rulings on demurrers to pleas, and will be governed by its recitals, and not by the statements thereon in the bill of exceptions.

**2. Pleading ⬅➡101—Whether plea was one in abatement or in bar must be determined by the subject-matter and prayer.**

In an action by one corporation against another for breach of contract, whether an amended plea that plaintiff was not a corporation having obtained a certificate by fraud, through false valuation of property exchanged for stock, is a plea in bar or in abatement, must be determined by the subject-matter and prayer, under Code 1907, §§ 5330, 5333.

**3. Contracts ⬅➡346(9)—Issue of unauthorized change of parties raised by plea of non est factum.**

An unauthorized change of parties in a contract is a material change therein, and can be raised by a plea of non est factum, under Code 1907, § 5332.

**4. Contracts ⬅➡339—In action for breach of contract, a plea that defendant principal entered into contract with a partnership, and not with plaintiff corporation, held not demurrable.**

In an action by a corporation for breach of contract, a plea denying execution of the contract and alleging that defendant entered into the contract with a partnership, the name of which was the same as plaintiff's, and not with plaintiff, is in legal effect a plea of non est factum, and a complete defense, if true, so that demurrers to the plea were properly overruled.

**5. Pleading ⬅➡35—In action for principal's breach of contract, allegations of nonexistence of plaintiff corporation held surplusage, in view of plea of non est factum.**

In an action against a principal for breach of an agency contract, where the plea alleges facts constituting fraud, from which it draws the conclusion that at the time the suit was brought there was no such corporation in existence as the plaintiff, *held*, that these averments are surplusage and unnecessary, when considered in connection with a non est factum plea to the effect that defendant contracted with a partnership as its agent, and not with plaintiff, a corporation.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by the Preston Motor Sales Company, a corporation, against the Preston Motor Corporation, for damages for breach of contract. From a judgment overruling demurrers to pleas, plaintiff takes a nonsuit and appeals. Affirmed.

Count 1 of the complaint sets out the contract, under which the defendant agrees to sell to the plaintiff, at certain times. certain cars manufactured by it, giving it certain territory, and agreeing to furnish all parts, together with the prices and discounts. The breaches alleged are failure to ship the cars promptly under the contract; to carry in stock a full line of supplies and repair parts, and other things, not here necessary to set out. Defendant's plea 2 is as follows:

That all of the alleged wrongs, matters, grievances, or causes of action set forth in the several counts of the complaint relate to and arise under the alleged contract referred to and described in the first count of the complaint; that at the time of the execution of said contract by defendant, on, to wit, November 24, 1919, defendant contracted with Preston Motor Sales Company, not as a corporation, but as a partnership composed of J. S. Wood and Fred S. Jones, doing business under said name of Preston Motor Sales Company; and that, at the time of the execution of said contract, on, to wit, November 24, 1919, there was no such corporation in existence as plaintiff, viz. Preston Motor Sales Company, a corporation.

Defendant further alleges that, subsequent to the execution of said contract as aforesaid, an attempt was made on, to wit, May 13, 1920, by said J. S. Wood, Fred S. Jones, and one Chas. A. Jones, to organize and incorporate plaintiff corporation by filing on said date a certificate of incorporation thereof in the office of the judge of probate of Jefferson county, Ala.; that said certificate of incorporation has been recorded in said probate office in volume 6 of Incorporation Records, page 256; and that paragraph D of said certificate of incorporation is in words and figures as follows, viz.:

Then follows a copy of the articles of the incorporation, showing:

That the capital stock of the corporation should be $25,000, divided into 250 shares, at the par value of $100 per share; that J. S. Wood subscribed for 60 shares, Fred S. Jones for 20 shares, and Chas. A. Jones for one share, and that this amount was the amount paid in, to wit, $8,100. That Chas. A. Jones paid in $100, and that Wood and Jones (Fred S.) paid their subscription by executing a bill of sale, including all the property, rights, privileges, and contracts owned by the said Preston Motor Sales Company, who furnished it.

The plea concludes as follows:

Defendant further alleges that the attempted organization of said corporation was and is illegal and void, because violative of section 234 of the Constitution of the state of Alabama, in that, at the time it was attempted to organize said corporation, it was certified in substance to said probate court that the subscriptions to the capital stock of said corporation, amounting to $8,100, which was the amount specified in said certificate which should be paid in at the time

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of organization and with which it should begin business, had been paid in or discharged in full by the payment of $100 in money and the conveyance to said corporation of the assets and property of Preston Motor Sales Company, a partnership, same being therein stated to have a reasonable value of $8,000; that said certificate was false and a fraud in law, inasmuch as (this is alleged on information and belief) the total amount of capital paid in, both in money and property at its reasonable value, with which said corporation began business, consisted solely of $4,000 in money, in which amount was included the sum of, to wit, $770 previously made as a deposit or deposits to defendant under said contract with said partnership; that the statement in said subscription list that the assets of Preston Motor Sales Company, a partnership, transferred and conveyed to said corporation, had a reasonable value of $8,000, was a subterfuge for issuing watered stock; and that the remainder of said $8,100, viz. $4,100, was not paid, either in money or property having a real value, notwithstanding the certificate that all subscriptions had been discharged in full.

Defendant further alleges that the payment to said corporation of $8,100, either in money or property transferred at its reasonable value, was prerequisite or a condition precedent to said subscribers becoming a body corporate, and that said subscribers' failure to pay in said $8,100, and their payment of only $4,000 as aforesaid, rendered said incorporation void, and hence that, at the time this suit was brought, there was no such corporation in existence as Preston Motor Sales Company, the plaintiff in this case. All of which the defendant is ready to verify and alleges to be true, and specially pleads the same in abatement to the complaint herein, and to each count thereof, separately and severally, and prays that this court take no further jurisdiction or cognizance of the cause or causes of action set forth, or attempted to be set forth, against it in said complaint and each count thereof, and that it be hence dismissed, with its reasonable costs in this behalf expended.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The plea is in abatement, and, being a plea of null tiel corporation, it must be pleaded in bar. 173 Ala. 658, 55 South. 890; 201 Ala. 482, 78 South. 388; 228 Ill. 253, 81 N. E. 864; 127 Cal. 648, 60 Pac. 436. The existence and power of the corporation can be questioned only by a direct proceeding by the state. 198 Ala. 548, 73 South. 911; 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; 144 Ala. 646, 39 South. 473, 2 L. R. A. (N. S.) 144; 101 Ala. 80, 14 South. 98. The attack here made upon the corporation is a collateral attack and cannot be made in the manner here attempted. 203 Ala. 190, 82 South. 439; 190 Ala. 395, 67 South. 510; 177 Ala. 183, 59 South. 280; 121 Ala. 340, 25 South. 566.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

The plea sets out all the facts, and it is immaterial whether it be called in bar or in abatement. Section 5330, Code 1907; 60 Ala. 425. The contract shows a sale commission contract, not assignable without the consent of defendant which is not shown, and therefore the matters set up in plea 2 constitute a valid defense. 121 Ala. 340, 25 South. 566; 87 Ala. 725, 6 South. 702, 6 L. R. A. 218; 177 Ala. 169, 59 South. 280.

MILLER, J. The Preston Motor Sales Company, a corporation, sues the Preston Motor Corporation, a corporation, for damages growing out of the breach of a contract made by defendant, under the terms of which plaintiff was to become defendant's sole sales agent, with exclusive right to sell in a certain territory, during three years, certain motor cars to be manufactured by the defendant, on terms and conditions mentioned in the contract, which is copied in and made part of the count. There was also a count for money had and received, and a count claiming an amount due by account.

The defendant filed two pleas, numbered 1 and 2. Plea 2 was amended. Each plea was verified by affidavit. The judgment of the court shows demurrers to plea 1 were sustained, and demurrers to plea 2 as amended were overruled. Plaintiff took a nonsuit, with bill of exceptions, on account of the adverse rulings of the court to it on its demurrers to plea 2 as amended. Section 3017, Code 1907.

[1] The bill of exceptions recites that demurrers to pleas 1 and 2 as amended were overruled by the court as to each of said pleas, separately and severally. This court will look to the judgment of the court in the minutes for the rulings of the court on demurrers to pleas, and will be governed by its recitals, and not by the statements thereon in the bill of exceptions. Wallace v. Crosthwait, 139 Ala. 529, 36 South. 622; Brooks v. Rogers, 101 Ala. 112, 13 South. 386.

[2] Hence there is only one assignment of error to be considered: Did the court err in overruling demurrers of plaintiff to plea 2 as amended? The plea as amended is verified by affidavit. It avers that all of the alleged wrongs, matters, and causes of action set forth in each count of the complaint relate to and arise under the alleged contract, referred to and made part of count 1 of the complaint. It avers that said contract was made in writing on November 24, 1919, by defendant, not with the plaintiff as a corporation, but with the Preston Motor Sales Company as a partnership, composed of J. S. Wood and Fred S. Jones, doing business under said name. It avers that there was no such corporation in existence as plaintiff at the time of the execution of the contract. It avers that at the time this suit was brought there was no such corporation in existence as Preston Motor Sales Company,

because, as it avers, its certificate of incorporation was obtained by fraud by its three subscribers for $8,100 of its stock. They valued property reasonably worth only $4,000 at $8,000, conveyed it to the corporation at that false valuation, and in this way paid for $8,000 of stock, and obtained thereby a certificate of incorporation with authorized capital stock of $25,000, $10,000 being preferred, and $15,000 common stock, and $8,100 of stock paid into the corporation by transfer of $4,000 in property at the false valuation of $8,000 and the payment of $100 cash. Whether this plea 2 as amended is a plea in bar or in abatement must be determined by its subject-matter and prayer under the statute. Sections 5333, 5330, Code 1907; Day v. Huckabee, 60 Ala. 425.

[3, 4] The plaintiff, a corporation, sues defendant, a corporation, for damages for breach of a contract which plaintiff alleges was made by defendant with it on November 24, 1919, giving plaintiff exclusive agency and right to sell its motor cars in certain territory, Jefferson county, for three years. The defendant pleaded, under oath, verified by affidavit, that it made the contract, but not with plaintiff—made it with a partnership, the name of which was the same as plaintiff; that plaintiff was not in existence as a corporation on November 24, 1919, when the contract was made; that a partnership with plaintiff's name, and not plaintiff, was appointed its agent, with exclusive right to sell its motor cars for three years within the prescribed territory; that plaintiff was not organized as a corporation until May 13, 1920, after the execution and delivery of the contract.

This first part of said plea is in legal effect a non est factum plea. It denies under oath the execution of the contract with plaintiff. It avers it was made with a partnership, and not with plaintiff, a corporation, as averred in the complaint. The difference between a partnership and a corporation is marked; each having the same name does not make them the same in fact or in law. They are entirely separate and distinct. The entity of each is different. A contract made by defendant with one, a partnership, could not be a contract made by defendant with the other, a corporation, even if both had the same name. Unauthorized change of parties in a contract is a material change in the contract; and that alteration, being material, can be raised by plea of non est factum. Smith v. Hiles, etc., Co., 107 Ala. 272, 18 South. 37; section 5332, Code, and authorities there cited.

[5] If the facts alleged in this plea are true, the contract was made with a partnership by the same name as the corporation, but not with plaintiff, a corporation; and under the averments of the complaint, plaintiff could not recover, as it did not make the contract with defendant as averred therein. If the allegations of this plea are true, there is nothing in the complaint to show the privity of the parties to this suit arising out of or under the contract. The first part of the plea is a non est factum plea, and the demurrers to it were properly overruled. The latter part of the plea alleges facts constituting fraud, from which it draws the conclusion:

"Hence, that at the time this suit was brought there was no such corporation in existence as Preston Motor Sales Company."

These averments are surplusage, unnecessary, when considered in connection with the non est factum part of the plea.

There is no demurrer to that part of the plea alleging fraud in the organization of the corporation, and in payment for subscriptions of stock; hence it is not necessary for us to decide whether these averments are sufficient for defendant to base its conclusion that there was no such corporation as plaintiff when this suit was filed.

There is no demurrer that defendant improperly combined in this one plea two pleas, viz. a plea of non est factum and a plea of nul tiel corporation, which would require us to test its sufficiency as a nul tiel corporation plea. Berlin Mach. Wks. v. Ewart Lumber Co., 184 Ala. 272, 63 South. 567.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.