185 So. 759

## FIFE v. PIONEER LUMBER CO.

### 6 Div. 383.

Supreme Court of Alabama.
Jan. 12, 1939.

Foster, Rice & Foster, of Tuscaloosa, and
D. D. Patton, of Carrollton, for appellee.

F. F. Windham, of Tuscaloosa, for appellant.

94

THOMAS, Justice.

This case involves the overruling of demurrer to defendant's Plea 3 to count one, declaring for the wrongful taking of trees from lands described, and which ruling caused plaintiff to take a non suit.

Plea 3 is as follows:

"The plaintiff herein, on the 5th day of September, 1936, filed his suit against the defendant herein in the Circuit Court of Pickens County, Alabama, wherein the same questions sought to be adjudicated in this Court were sought to be adjudicated by the Circuit Court in Equity of Pickens County, Alabama, a copy of which such complaint so filed in the Circuit Court of Pickens County, Alabama, in Equity, is attached to this plea, and marked Exhibit 'A' and asked to be taken as a part of this plea; that on, to-wit, the 8th day of October, 1936, this defendant demurred to said bill of complaint and a copy of such demurrers so filed by this defendant is attached hereto marked Exhibit 'B' and asked to be taken as a part of this plea; that, on to-wit, the 1st day of December, 1936, there was rendered by the presiding judge of the Circuit Court in Equity of Pickens County, Alabama, a decree sustaining the demurrers as filed in above stated cause, a copy of which decree is hereto attached and marked Exhibit 'C'; that, on to-wit, the 26th day of December, 1936, the complainant therein, the plaintiff here, filed his amendment to said complaint, a copy of which said amendment so filed in the Circuit Court of Pickens County, Alabama, in Equity, is hereto attached and marked Exhibit 'D'; that on, to-wit, the

11th day of January, 1937, the defendant filed demurrers to said bill of complaint as amended, a copy of which said demurrers so filed in the Circuit Court in Equity of Pickens County, Alabama, is hereto attached and marked Exhibit 'E'; that on, to-wit, the 22nd day of January, 1937, there was filed in said cause in the Circuit Court in Equity of Pickens County, Alabama, an agreement of counsel to submit said cause on the demurrers so filed therein a copy of which said agreement is hereto attached and marked Exhibit 'F'; that on, to-wit, the 25th day of January, 1937, there was rendered by the presiding judge of the Circuit Court in Equity of Pickens County, Alabama, a decree sustaining the demurrers so filed in the above stated cause, a copy of which decree is hereto attached and marked Exhibit 'G'; that on, to-wit, the 28th day of April, 1937, there was rendered by the presiding judge of the Circuit Court in Equity of Pickens County, Alabama, an order or decree in said cause, a copy of which is hereto attached and marked Exhibit 'H'.

"The defendant avers that all issues sought to be litigated in the suit at bar were litigated or might and ought to have been litigated in said cause so filed in the Circuit Court in Equity of Pickens County, Alabama, as hereinabove outlined."

Appellant concedes that if the facts set up in Plea 3 are res adjudicata to appellant's cause, he would practically be concluded from going further with the case, hence the nonsuit with a bill of exceptions.

The statute declares that whether a plea is in bar or in abatement is to be ascertained by its subject matter and prayer and not by the form of the plea. Code, § 9472; Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 126, 134 So. 881; Preston Motor Sales Co. v. Prestor Motor Corp., 207 Ala. 177, 92 So. 418; Lyles v. Clements, 49 Ala. 445, 448.

It is further established in this jurisdiction that a plea of res adjudicata is a plea in bar; and it is also declared that a judgment or decree of a court of competent jurisdiction is res adjudicata and a bar to the maintenance of a subsequent suit, when it is pleaded and ascertained that the subject matter of said suit is the same embraced, or presented under issues in the former suit that are broad enough to have comprehended all that is involved in the issues of the second suit—not what was actually litigated, but what might and ought to have been litigated in the former suit,

being the test. Crowson v. Cody, 215 Ala. 150, 110 So. 46; Dawson v. Haygood, 235 Ala. 648, 649, 180 So. 705; Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576; Lawrence v. United States Fidelity & Guaranty Co., 226 Ala. 161, 145 So. 577; H. G. Hill Co. v. Taylor, 234 Ala. 282, 174 So. 481, 484.

The dismissal of a bill after a demurrer sustained, and for failure to amend within a reasonable time given by the court for that purpose, performs the effect of a final decree on the merits and is the foundation for demurrer or plea of res adjudicata. Clark et al. v. Whitfield, 213 Ala. 441, 105 So. 200; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Code of 1923, Vol. 4, p. 916, Rule 28; Crowson v. Cody, supra; Crutchfield v. Vogel, 233 Ala. 306, 171 So. 889. See also Ex parte Dunlap, 209 Ala. 453, 96 So. 441.

In Crutchfield v. Vogel, 233 Ala. 306, 309, 171 So. 889, 891, it is declared: "There was no appeal from the decree dismissing the bill, and the order remains in full force and effect. The dismissal of the chancery suit, under rule 28 of Chancery Practice, was equivalent to a dismissal on the merits. Warrior River Coal & Land Co. v. Alabama State Land Co., 154 Ala. 135, 45 So. 53; New England Mortgage Security Co. v. Davis, 122 Ala. 555, 25 So. 42."

The Chancery Court of Pickens County had jurisdiction of the original case filed by the appellant here against the defendant in said county. Code 1923, §§ 6525, 10467 and 10471.

It is of no importance that the plaintiff set up all of his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated in the first suit. Venable et al. v. Turner, 236 Ala. 483, 183 So. 644; Crowson v. Cody, supra; Cobbs v. Norville, supra.

It follows that when there are several grounds of demurrer some of which are sufficient and the judgment and decree sustaining demurrer is general, the ruling will be referred to a ground that is well taken. National Park Bank v. Louisville & N. R. Co., 199 Ala. 192, 74 So. 69; Crowson v. Cody, supra.

Judgments of courts can only be impeached for jurisdictional defects disclosed on the face of the record; a party or his privies will not be permitted to assail collaterally unless the judgment is void for want of the jurisdiction of the Court—all errors of judgment or irregularities which do not render the judgment void are not available on collateral attack. Cobbs v. Norville, supra.

When jurisdiction has attached the court has a right to decide every question duly presented and arising on the case; the hearing being at a time and place prescribed by law. Cobbs v. Norville, supra.

We have indicated the desire and purpose of courts of equity to completely determine, in a proper case and in a single proceeding, the respective rights and interests of all who may be and are properly brought within their jurisdiction and as affecting the subject matter. Lindsey v. Standard Accident Insurance Co., 230 Ala. 633, 162 So. 267.

Equity abhors a multiplicity of suits, and when jurisdiction is obtained on equitable grounds, shall proceed to do complete equity. Jarrett v. Hagedorn, 185 So. 401;[1] City of Carbon Hill et al. v. Merchants Bank & Trust Co., 185 So. 387;[2] Cox v. Parker, 212 Ala. 35, 101 So. 657; Enterprise Lumber Co. et al. v. First Nat. Bank, 181 Ala. 388, 61 So. 930; Sim's Chancery Practice, p. 101, § 159.

Where a bill in equity contains two distinct and independent grounds on which claim for relief is based, if either ground is sufficient, its force is not impaired by the fact that it is joined cumulatively with another alleged ground which of itself will not maintain the equity of the bill. Lewis v. Alston, 184 Ala. 339, 63 So. 1008; Cox v. Parker, supra.

The appellant, on filing demurrers to Plea number three (a plea in bar), in effect admitted the truthfulness of all of the allegations contained therein, and here admitted that the timber, trees or lumber for which appellant sued in the Circuit Court of Tuscaloosa County, Alabama, are the same for which he attempted recovery in his suit in the Chancery Court of Pickens County, and, therefore, the question which presents itself for the decision of this Court has nothing to do with the identity of the timber, trees and lumber for which damage is claimed in appellant's suit in the Circuit Court of Tuscaloosa County.

[1] Ante, p. 66.
[2] Ante, p. 55.

That is to say, that we are only interested in the question of *whether or not the substance in the plea shows that the same questions were litigated or could or should have been litigated* in the Chancery Court of Pickens County, Alabama, which are now attempted to be litigated in the Circuit Court of Tuscaloosa County, Alabama.

A large part of appellant's argument is to the proposition that the judge of the Circuit Court of Pickens County, in Equity, erred in sustaining demurrers to the bill of complaint as amended and as filed in the said Chancery Court of that county. This Court said in the case of Cobbs v. Norville, supra, 151 So. 577: "Judgments of courts can only be impeached for jurisdictional defects disclosed on the face of the record; * * * a party or his privies will not be permitted to assail collaterally, unless the judgment is void for want of jurisdiction of the court."

In the original bill of complaint filed by the appellant in the Circuit Court of Pickens County, in Equity, among other allegations, is that found in the amendment to the original bill of complaint in sub-section of Section 2, viz.: "Respondents did, on or about August 1, 1936, through its agent, servants or employees enter upon the said land over protests and warnings of complainant and did cut and remove timber and trees therefrom and make roadways over, upon and across said land, all to the great damage of complainant; that a large number of trees were cut, removed from off said land by respondent, the exact number of which, the amount of lumber and the value thereof, is unknown to this complainant, and it is necessary that a discovery thereof be had and ordered by this Court to ascertain the same and to determine the value of said trees and lumber." And in the bill as amended in the Circuit Court in Equity of Pickens County, under Section 3 of same, the prayer was: "That the respondent be required to make a full and true discovery and disclosure of all and single the transactions and matters aforesaid and number and amount of trees or timber cut and removed from above described premises, together with a value of the same and of the fences torn down and destroyed and of all other waste committed by the respondent on said lands, and that an account be taken and under the direction and decree of this Honorable Court, of all the *Dealings* and *Transactions* set out above, insofar as the same may relate to the entering upon the above described land, and the cutting and removing the timber and trees therefrom; that the amount or amounts which shall be found due to the complainant upon the taking of such account may be paid by the respondent to the complainant." (Italics supplied.)

Thus, in the amended bill of complaint as filed in the Chancery Court of Pickens County, an attempt was made to recover damages for the trespass in cutting such timber, for a conversion of the said timber, and each count of the complaint filed in the Circuit Court of Tuscaloosa County claims damages for trespass in cutting and taking timber, trees or lumber, which under Plea number 3 of the appellee, filed in the Circuit Court of Tuscaloosa County, is alleged to be the same matter attempted to have been litigated in the Circuit Court of Pickens County, in Equity.

 It may be that the appellant originally had the right to choose between a proceeding in the courts of Pickens County and a proceeding in the courts of Tuscaloosa County. If he ever had that right, when he chose to proceed in Pickens County, and did so proceed, he waived any right he might have had to proceed for the same relief growing out of the same subject matter **in** Tuscaloosa County, Alabama.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

