This is an appeal from a trial court order denying Balboa Insurance Company's motion to set aside an order "re-entering" judgment against it. We reverse and remand, holding there was no jurisdiction to enter judgment against Balboa.
Isaac Bracy, d/b/a Bracy Construction Company (Bracy), was the general contractor for work performed at the Veterans Administration Hospital in Tuskegee, Alabama. Sippial Electric Company (Sippial) was a subcontractor on the same project. Balboa Insurance Company (Balboa) provided the payment and performance bonds for the project, Bracy being the principal on the bonds.
Sippial filed suit against Bracy in September 1976, claiming a balance due on its subcontract with Bracy. Bracy filed a counterclaim. Sippial then amended its complaint, adding Elmer Tallant Agency (Tallant), the Small Business Administration (SBA), including its administrator, and Balboa as defendants.
Sippial moved to dismiss SBA but its motion was denied by Judge William Thetford. Sippial contends that the motion was reconsidered and granted, based upon a notation at the bottom of the motion. Judge Thetford died while the case was still pending. It does appear from the record that SBA was properly dismissed. However, it is unnecessary that we resolve that issue on this appeal. The issue on this appeal relates to Balboa and it is with its claims that we will deal.
Balboa filed a motion to dismiss based upon lack of jurisdiction, arguing that suit was brought against it under the Miller Act, 40 U.S.C. § 270a (1976), and that jurisdiction, therefore, rested exclusively in federal district court according to express terms of the act. That motion was denied. Balboa then filed a motion for summary judgment again based upon lack of jurisdiction; no action was taken upon that motion.
Numerous references in the record clearly indicate that when the case was tried to the jury, the issues were between Sippial and Bracy only, although Tallant and Balboa had never been formally dismissed and were still defendants in the case. In any event, the following verdicts were returned at the conclusion of the trial:
 "We, the jury, find for the plaintiff Sippial Electric Company, Inc., and assess damages at $46,125.00.
Richard A. Fitzgerald, Foreman
 "We, the jury, find for the Cross-Defendant Sippial Electric Company, Inc.
Richard A. Fitzgerald, Foreman"
Bracy moved for a new trial. The motion was denied, and Bracy then appealed to this Court.
While the new trial motion was pending, the circuit clerk prepared a certificate of judgment stating that judgment had been entered in favor of Sippial and against Bracy and Balboa. Balboa then filed a Rule 60 motion to set aside any "judgment" allegedly rendered, arguing again that the court was without jurisdiction and that any "judgment" was, therefore, void. The motion was overruled.
On March 2, 1979, this Court dismissed Bracy's appeal on the authority of Thames v. Gunter-Dunn, Inc., 365 So.2d 1216 (Ala. 1979), because a final judgment concluding all parties, required by Rule 54 (b), ARCP, had not been entered. Bracy v.Sippial Electric Company, Inc., 367 So.2d 1388 (Ala. 1979). After the appeal was dismissed, Sippial moved to dismiss Tallant without service to any other parties. The court granted that motion.
The court then entered an order "re-entering" judgment against Balboa and Bracy for $44,709. Balboa contends that this order was entered without prior notice and without a hearing. Balboa filed a motion to set aside this order and the motion was overruled.
Balboa appealed on May 15, 1979.
Balboa first contends that there was never a judgment entered against it. Balboa is correct in asserting that there was not, after the close of trial, an entry of judgment. At the time the jury verdict was rendered, there were at least three *Page 581 
defendants in the case: Bracy, Balboa, and Tallant. Only Bracy participated in the trial. The jury returned a verdict for Sippial without specifying which defendants were liable to Sippial. The clerk's certificate of judgment stated that judgment had been rendered in favor of Sippial and against Balboa and Bracy for $46,125.00. As we have noted, no formal "judgment" entry was ever entered. The certificate of judgment prepared by the clerk does not meet the requirements of Rule 54 (b), ARCP.
Although the trial court entered an order "re-entering" the former "judgment" against Bracy and Balboa, no "judgment" entry was ever entered. Since we fail to see how the court could "re-enter" a non-existent judgment, we hold that the trial court mislabeled its "order," re-entering "judgment" and that its order was, in fact, an entry of "judgment."
Balboa next contends that, assuming that order is in fact an entry of judgment, the judgment is void because it was entered without prior notice and without a hearing, and because the court lacked jurisdiction to adjudicate a claim against Balboa. We pretermit discussion of the first two points raised because we hold that the court did, in fact, lack jurisdiction as to Balboa.
Sippial contends that a court has jurisdiction to determine its own jurisdiction and submits that if jurisdiction is litigated and resolved against a party, that party cannot for the first time on appeal collaterally attack a judgment rendered against it. However, if a jurisdictional defect is apparent on the face of the record, any judgment rendered is subject to collateral attack for want of jurisdiction. Fife v.Pioneer Lumber Co., 237 Ala. 92, 185 So. 759 (1939).
In Fife, we held:
 "Judgments of courts can only be impeached for jurisdictional defects disclosed on the face of the record; a party or his privies will not be permitted to assail collaterally unless the judgment is void for want of the jurisdiction of the Court — all errors of judgment or irregularities which do not render the judgment void are not available on collateral attack."
237 Ala. at 95, 185 So. at 762.
The record in the case at bar affirmatively discloses that Sippial's suit against Balboa is based upon the Miller Act, 40 U.S.C. § 270a (1976). The Miller Act designates that jurisdiction for any claim against a surety which falls within the provisions of the act shall be exclusively in federal district court. 40 U.S.C. § 270b (b) provides:
 "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy. . . ." [Emphasis added.]
There is no Alabama case law construing the jurisdictional provisions of the Miller Act, but other state courts have consistently held that jurisdiction for claims against a Miller Act surety rests exclusively in federal court.[1] The Court of Appeals for the Fifth Circuit has held likewise, in UnitedStates Fidelity Guaranty Co. v. Hendry Corporation,391 F.2d 13 (5th Cir. 1968).[2]
We, therefore, hold that the trial court erred when it denied Balboa's motion to set aside the trial court's order entering *Page 582 
judgment against it. Because the trial court lacked jurisdiction over Balboa, any judgment rendered against it was void.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] See, e.g., Pierce Contractors, Inc. v. Peerless Cas. Co.,81 So.2d 747 (Fla. 1955); Gichner v. Insurance Cos. of NorthAmerica, 180 A.2d 842 (D.C.Mun.App. 1962); General Equip., Inc.v. United States Fidelity and Guar. Ins. Co., 292 So.2d 806
(La.App. 1974); Hoffmeister Cabinets of Nevada, Inc. v. Bivins,87 Nev. 282, 486 P.2d 57 (1971); Gypsum Contractors, Inc. v.American Sur. Co. of New York, 37 N.J. 315, 181 A.2d 174
(1962); Gifford-Wood Co. v. Travelers Indem. Co., 42 Misc.2d 962,249 N.Y.S.2d 317 (1964); Salway v. Maryland Cas. Co.,176 S.C. 215, 179 S.E. 787 (1935); Maryland Cas. Co. v. Fidelity Cas. Co., 147 S.W.2d 1097 (Tex.Civ.App. 1941).
[2] Although not pertinent to this appeal, the Court was told at oral argument that suit against Balboa under the Miller Act was filed in federal district court and is still pending.