See, also, Buckner v. State, 126 Tex.Cr.R. 321, 72 S.W.2d 274.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is now reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## MARYLAND CASUALTY CO. v. FIDELITY & CASUALTY CO.

### No. 10853.

Court of Civil Appeals of Texas. San Antonio.

Jan. 22, 1941.

Rehearing Denied Feb. 26, 1941.

R. H. Mercer and House & Irvin, all of San Antonio, for appellant.

Dodson, Ezell & Duke, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted, on February 24, 1939, in the District Court of Bexar County, by Fidelity & Casualty Company of New York against Maryland Casualty Company and W. E. Sultenfuss, Inc., seeking to recover certain sums which it paid out under a surety bond on behalf of the Joseph A. Holpuch Company.

On November 29, 1933, Joseph A. Holpuch Company, an Illinois Corporation, entered into a written contract with the United States of America for the construction and completion of sixteen two-story Company Officers' quarters at Fort Sam Houston, Texas, and Holpuch Company executed and delivered to the United States a certain performance bond, as required by 40 U.S.C.A. § 270, commonly known as the Heard Act. Fidelity & Casualty Company of New York was surety upon said bond.

The lathing, plastering and stucco work on said houses was subcontracted to W. E. Sultenfuss, Inc., and this company gave a performance bond with Maryland Casualty Company as surety.

Thereafter, Sultenfuss, Inc., in the performance of its contract, purchased certain material from Neese Bros., Inc., which was used in the construction of the sixteen Company Officers' quarters, and Sultenfuss, Inc., entered into a subcontract with Ollie Tope, whereby Tope agreed to install the lathing and corner beads in said sixteen

Company Officers' quarters. Afterwards Sultenfuss, Inc., failed and refused to pay Neese Bros., Inc., and Ollie Tope the full amounts owing to them.

Thereafter, on August 22, 1935, Ollie Tope instituted a suit in the United States District Court for the Western District of Texas, sitting in San Antonio, styled United States of America for the use and benefit of Ollie Tope v. Joseph A. Holpuch Company et al., and bearing docket No. 1911 at Law, wherein Ollie Tope was plaintiff and W. E. Sultenfuss, Inc., Joseph A. Holpuch Company and Fidelity & Casualty Company of New York were defendants, seeking to recover certain sums alleged to be due him for labor performed under his subcontract.

On December 2, 1935, Neese Bros., Inc., intervened in cause No. 1911 seeking to recover certain sums alleged to be due it for material furnished to and used by Sultenfuss, Inc., in the construction of the sixteen Company Officers' quarters.

On December 14, 1935, Sultenfuss, Inc., also intervened in said cause No. 1911 seeking to recover from Holpuch Company certain sums alleged to be the balance due it under its subcontract.

On January 9, 1939, an interlocutory judgment was entered in cause No. 1911 in favor of Neese Bros., Inc., against Holpuch Company, Fidelity & Casualty Company and Sultenfuss, Inc., in the amount of $2,-767.57, which judgment was paid in full by Fidelity & Casualty Company of New York, other defendants being unable to pay, and Holpuch Company having requested Fidelity & Casualty Company to pay the judgment.

On January 12, 1939, an agreement was entered into whereby it was agreed that Holpuch Company and Fidelity & Casualty Company were entitled to recover from Sultenfuss, Inc., $2,767.57, less a credit of $1,008.80, and it was further agreed that Holpuch Company and Fidelity & Casualty Company were entitled to recover from Sultenfuss, Inc., the sum of $1,758.77, together with any sums recovered against them by Ollie Tope. The case proceeded to trial and Ollie Tope recovered the sum of $582.31, thus making a total recovery in favor of Neese Bros., Inc., and Ollie Tope in the sum of $3,349.88, against which amount Sultenfuss, Inc., was entitled to a credit of $1,008.80, and accordingly judg-ment was entered in favor of Holpuch Company and Fidelity & Casualty Company against Sultenfuss, Inc., in the sum of $2,-341.08.

Fidelity & Casualty Company paid the judgment in favor of Neese Bros., Inc., and Ollie Tope, and has instituted this suit against Maryland Casualty Company seeking to recover the sums paid out on this judgment, less the agreed credit of $1,008.-80, together with attorney's fees, court costs and other expenses incurred.

Appellant, Maryland Casualty Company, first contends that the judgment in cause No. 1911, in the Federal Court, against Sultenfuss, Inc., was void for want of jurisdiction of that Court to hear the cause. We overrule this contention.

■■ It is plain from a reading of the so-called Heard Act, Title 40, Section 270, U.S.C.A., that any person, company or corporation who has furnished labor or material used in the construction of buildings such as the sixteen Company Officers' quarters involved in the Holpuch Company contract, has a right to maintain a suit (under certain conditions) in the name of the United States against the general contractor and his bondsmen in the United States District of the locality where the contract is performed. Therefore, unquestionably, the United States District Court for the Western District of Texas, sitting at San Antonio, had jurisdiction over Tope, Neese Bros., Inc., Sultenfuss, Inc., Holpuch Company and its surety, Fidelity & Casualty Company. Having jurisdiction over the parties it would follow that the Court would have jurisdiction to adjudicate the rights of the parties with respect to liability for the material furnished and to adjust the accounts, credits and offsets between Sultenfuss, Inc., and Holpuch Company, and to render judgment over against Sultenfuss, Inc., in favor of Holpuch Company and its surety in adjusting the accounts with respect to the labor and materials furnished.

The authorities clearly recognize this authority and jurisdiction. United States v. Fleischmann Construction Co., D.C., 298 F. 320, affirmed, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; United States v. McCay, D. C., 28 F.2d 777; United States v. United States F. & G. Co., D.C., 28 F.Supp. 443; City of Dayton v. City Ry. Co., 6 Cir., 16

F.2d 401; United States v. Aetna Casualty & Surety Co., 6 Cir., 5 F.2d 412.

The cases cited by appellant go no further than to hold that the surety on the subcontractor's bond cannot be brought into a Heard Act suit.

■ Appellant next complains that appellee's claim against it was barred by the four-year statute of limitation. Arts. 5527 and 5529, R.C.S.1925. We do not agree with this contention. The claims of Tope and Neese Bros., Inc., were disputed and Fidelity & Casualty Company had no cause of action against Maryland Casualty Company until these claims had been fully established and paid off by Fidelity & Casualty Company at the request of Holpuch Company.

The bond upon which appellant became surety provided that Sultenfuss, Inc., would promptly make payment to all persons supplying it with labor and materials and then further provided, that "upon the neglect or refusal by said principal or surety to make payment as and when required, said contractor may, but is not hereby required to make, payment at times or in sums other than is provided in said contract, and in the event said contractor does so make payment, then said principal and surety, jointly and severally, agree to reimburse the contractor on demand for all money so advanced, together with interest."

■ Holpuch Company waited until Sultenfuss, Inc., and the parties who had furnished it material and labor had an opportunity to settle their disputed claims in a Heard Act suit before requesting its surety to pay off these claims. The claims were paid on January 20, 1939, and then for the first time the surety so paying such claims had a right to institute suit for reimbursement, as provided for in the bond signed by appellant.

■ Appellant next contends that it was released from any obligation of the bond because Holpuch Company made payments to Sultenfuss, Inc., without first requiring written statements, verified by affidavit, of the names of all parties furnishing material and labor, and of the amount due or to become due each.

The subcontract between Holpuch Company and Sultenfuss, Inc., contained the following provision: "Before the contractor shall be required to make any payments, the subcontractor shall furnish to the contractor a statement in writing, verified by affidavit, of the names of all parties furnishing material and labor, and of the amounts due or to become due each * * *."

It will be noted that the bond does not provide that the contractor shall not make any payments until such a statement has been furnished, but, on the contrary, provides, in effect, only that the contractor cannot be required to make any payments until such a written statement is furnished.

This is quite a different provision from the one contained in the contract involved in Williams v. Baldwin, Tex.Com.App., 228 S.W. 554. There the provision was that all payments by Baldwin to the Company should be made only when directed by the architects and that the certificates were at no time to exceed 75 per cent of the cost of labor and material placed in the building.

■ The contract entered into between Holpuch Company and Sultenfuss, Inc., which became a part of the bond, also provided: "said contractor may, but is not hereby required to, make payment at times or in sums other than is provided in said contract, and in the event said contractor does so make payment, then said principal and surety, jointly and severally, agree to reimburse the contractor on demand for all monies so advanced together with interest * * *." This provision alone would give the general contractor a right to pay out money other than on the sworn written statements above mentioned.

The holdings above made require the overruling of all assignments of error presented by appellant.

The judgment is affirmed.