FIDELITY & CASUALTY CO. OF NEW YORK et al. v. MARYLAND CASUALTY CO. et al.

No. 10947.

Court of Civil Appeals of Texas. San Antonio.

May 14, 1941.

Dodson, Ezell & Duke, of San Antonio, for appellant.

R. H. Mercer and House & Irvin, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in a District Court of Bexar County, Texas, by Fidelity & Casualty Company of New York, a corporation, and Aetna Casualty & Surety Company, another corporation, against W. E. Sultenfuss, Inc., and Maryland Casualty Company, also a corporation, seeking to recover certain sums of money paid out by plaintiffs under the provisions of a certain general performance bond in which Joseph A. Holpuch Company was principal. The bond was given by Holpuch Company to the United States of America to guarantee the general performance of a contract between it and Holpuch Company, for the construction of fifty-nine two-story type Company Officers' Quarters at Fort Sam Houston, Texas.

There was a suit in the Federal District Court, San Antonio Division, in which Holpuch Company secured a judgment over and against W. E. Sultenfuss, Inc., a subcontractor, in the sum of $3,739.20. Maryland Casualty Company was surety upon the performance contract of Sultenfuss as a sub-contractor. Plaintiffs having become subrogated to the rights of Holpuch Company sought herein judgment against Sultenfuss, Inc., and Maryland Casualty Company to reimburse themselves.

At the close of the evidence plaintiff moved the court for a directed verdict in its favor, which was by the court overruled. The case was then submitted to a jury upon twenty (20) special issues and, upon the jury's answers, which were generally favorable to the defendants, judgment was entered that plaintiffs take nothing, from which judgment Fidelity & Casualty Company has prosecuted this appeal.

This case is similar in many ways to the case of Maryland Casualty Company v. Fidelity & Casualty Company, Tex.Civ. App., 147 S.W.2d 1097. That case involved a contract by the same parties for the construction of sixteen (16) Company Officers' Quarters at Fort Sam Houston, while the present cause involves a contract to construct fifty-nine (59) similar Company Officers' Quarters. However, the issues presented by the two appeals are quite different, due to the fact that the first cause was tried before the court without a jury and all disputed facts determined favorably to the plaintiffs in that cause, while in the case at bar the trial was to a jury and the jury's answers were generally unfavorable to plaintiffs below.

Appellants first contend that the trial court erred in not granting their motion for a directed verdict. Appellees object very strenuously to our considering appellants' first proposition, based upon their first assignment of error. Such first assignment of error reads as follows: "The Court erred in overruling and in not granting the motion for instructed verdict timely filed by Appellants at the conclusion of the introduction of evidence."

The motion for an instructed verdict was in general form and did not undertake to specify any reason why an instructed verdict should be granted. In the motion for a new trial the matter was not elaborated upon at all. In fact, the complaint in the motion for a new trial is in the exact language of the assignment of error set forth in appellants' brief. Appellants have not attacked the answers of the jury to the special issues submitted to them on the ground that there was "no evidence" to support such answers, or that there was "insufficient evidence" to do so, nor that such answers were so against the great weight and preponderance of the evidence as to indicate malice or prejudice on the part of the jury. In other words, the answers of the jury to the issues are entirely ignored by appellants.

Article 2202, Subdivision 6, Vernon's Ann.Civ.Statutes reads as follows: "6. A special verdict found under the provisions of this article shall, as between the parties, be conclusive as to the facts found."

Article 2209, Vernon's Ann.Civ.Statutes, provides: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted."

Article 2211, Vernon's Ann.Civ.Statutes, reads in part as follows: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non

obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * * "

Appellants' first proposition is subdivided in three sections, lettered (a), (b) and (c). Each one of these subdivisions is, in truth and in fact a separate proposition and we will treat them as such.

This first proposition reads as follows:

"The Trial Court erred in overruling and in not sustaining the motion for peremptory instruction timely filed by Appellant at the conclusion of the evidence, for the following reasons, to-wit:

"(a) The undisputed evidence shows that Appellants sought judgment on a bond against Appellees, Sultenfuss, Inc., as principal, and Maryland Casualty Company as surety, for reimbursement of money paid by Appellants as sureties for Holpuch Company on a construction bond given by it under the Heard Act, 40 U.S.C.A. § 270, which money was paid in obedience to a judgment, rendered in a Heard Act suit against Holpuch as principal and Appellants as sureties on the Holpuch bond in favor of unpaid furnishers of labor and material to Sultenfuss, Inc., a subcontractor under Holpuch. Appellee, Maryland Casualty Company, was bound by said judgment against its principal Sultenfuss and in favor of Appellants and Holpuch (which judgment was rendered in the Federal Court in the exercise of its jurisdiction under the Heard Act) since the undisputed evidence shows that said Appellee had notice of said suit and employed attorneys of its own selection to therein represent Sultenfuss, and the interest of said Appellee (without making it a party of record), pursuant to which employment, said attorneys entered into stipulations which supported said judgment."

The jury found in answer to special issue No. 15 that Maryland Casualty Company did not pay Mr. A. V. Knight's fee as attorney for W. E. Sultenfuss, Inc., to represent the interest of Maryland Casualty Company.

This brings us face to face with the question as to whether or not appellants, who have in no way attacked the finding of a jury, will be heard to contend that they should have been given an instructed verdict, because the evidence conclusively establishes just the opposite of what the jury, in an unchallenged answer, has found the facts to be.

We realize that it is the policy of the Supreme Court to be as liberal as possible in considering the sufficiency of assignments of error and propositions, as demonstrated by the new court rules proposed by that Court. But we also notice that Article 2202, Section 6, is retained in the new rules, as a part of Rule 290, and that Article 2209 is new rule 300, while Article 2211 is new rule 301.

 It occurs to us that whether you consider the statutes as they now stand, or the new court rules promulgated by the Supreme Court, the rule must be that where a case is submitted to a jury upon special issues, the findings of the jury, as expressed in their answers to such issues, will be regarded as conclusive as between the parties, unless and until such finding or findings by the jury are directly attacked in some way as not being supported by any evidence or at least by sufficient evidence. We therefore cannot consider appellants' first proposition, which is diametrically opposed to the jury's unchallenged answer to special issue No. 15.

Subdivision (b) of appellants' first proposition, or what we prefer to consider as appellants' second proposition, reads as follows: "(b) The undisputed evidence shows that Holpuch Company and Appellants as sureties for Holpuch determined upon entry of said judgment in the Federal Court that Sultenfuss, Inc., was indebted to Neese and to Tope in the respective sums of $10,255.40 and of $2,144.72, and upon said determination paid for the account of Sultenfuss, Inc., $3,739.20, being the net balance established by said judgment over against Sultenfuss after allowance of all credits. The contract between Holpuch and Sultenfuss provided, among other things, in event Sultenfuss should fail to pay when due for any labor or material supplied it in carrying on its subcontract, that Holpuch was authorized to exercise its judgment in determining the validity of such indebtedness and to pay the same for the account of Sultenfuss. Therefore, should the judgment, as such, not be binding against Appellee Casualty Company, said determination and payment having been made under authority of the contract and in conformity with the judgment, Appellants were entitled to recover the amount so paid from Appellee Casualty Company as surety for the performance of said contract by Sultenfuss."

■ The trouble with this point is that it is in direct conflict with the jury's findings in response to special issues Nos. 1, 4, 7, 10, 12, 19 and 20. The jury found in answer to issues Nos. 1, 4, 7, 10 and 12, that appellants did not determine that W. E. Sultenfuss, Inc., was indebted to Neese Bros., Inc., and to Ollie Tope, on the amounts sued for herein, for material and labor in the construction of the fifty-nine Company Officers' Quarters before making such payments; and by their answers to issues Nos. 19 and 20 the jury further found that appellants waived their right under the contract to make such determination by waiting more than five years after such items were clearly past due before attempting to make such determination. The jury's answers to issues Nos. 1, 4, 7, 10 and 12 are not challenged in any way, and the only complaint as to issues 19 and 20 is that the court erred in submitting such issues to the jury, because there was neither evidence nor pleading to warrant such action. Ordinarily there can be no error in submitting an issue to a jury. In fact, Article 2190, Vernon's Ann.Civ.Statutes, authorizes a party to complain that the jury's answer to an issue is unsupported by the evidence, even though the complaining party may have requested the submission of the issue in the first place. In the face of these unchallenged jury findings, we cannot consider appellants' proposition contained in paragraph (b).

■ This brings us to a consideration of paragraph (c), which contends that even if the evidence should show that Holpuch and Sultenfuss did not keep the contract for sixteen (16) Officers' Quarters and the one for fifty-nine (59) such Quarters separate, but did in fact treat the two contracts as one contract for seventy-five (75) Officers' Quarters, such fact would be immaterial because appellee Maryland Casualty Company, as surety, consented to and waived any modification in either contract between Holpuch and Sultenfuss. This proposition is not in the face of any jury finding and is therefore entitled to consideration. It was not necessary to submit this issue to the jury because it involves only a proper construction of the written bond executed by the subcontractor Sultenfuss, as principal, and Maryland Casualty Company, as surety.

This bond, among other things, provided:

"The condition of this obligation is such, that whereas the Principal entered into a certain contract, hereto attached, with the contractor, dated December 6, 1933, for lath, plaster, and stucco, for 59 officers quarters, Fort Sam Houston, Texas.

"Now, therefore, if the Principal shall well and truly perform and fulfill all the undertakings covenants, terms, conditions and agreements of said contract during the original term of said contract and any extensions thereof that may be granted by the Contractor, with or without notice to the Surety, and all the undertakings, covenants, terms, conditions and agreements of said contract during the life of the guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the Surety being hereby waived, and shall promptly make payment to all persons supplying the Principal with labor and materials in the prosecution of the work provided for in said contract, and any such authorized extension or modification thereof, and upon the neglect or refusal either by said Principal or Surety to make payment as and when required, said Contractor may, but is not hereby required to, make payment at times or in sums other than is provided in said contract, and in the event said Contractor does so make payment, then said Principal and Surety, jointly and severally, agree to reimburse the Contractor, on demand, for all moneys so advanced, together with interest, and in the event said Contractor employs an attorney in the enforcement of this bond or any provision thereof, said Principal and Surety, jointly and severally, assume and agree to pay all reasonable costs and attorney's fees so incurred by the Contractor, and upon full performance, this obligation shall be void; otherwise to remain in full force and virtue."

If it be true that the two contracts were treated as one and to this extent such contracts were modified, Maryland Casualty Company expressly waived such modification by the above provision in the bond. The amount of work to be done by Sultenfuss on each one of the seventy-five Officers' Quarters was exactly the same, although some of the quarters had basements for central heating plants while others did not. Maryland Casualty Company was surety on both bonds. Under all the facts, if the two contracts were

234

treated as one it was a slight modification which was waived by the provisions of the bond.

Appellees call attention to the fact that the contract between Holpuch and Sultenfuss contained the following provisions:

" * * * This contract contains all of the terms of the agreement between the parties respecting the work, and all prior conversations and writings are declared to be of no force or effect. No contemporaneous or subsequent conversation, understanding or agreement shall have any force or effect to modify or alter this contract unless reduced to writing and signed by an officer of the Contractor and by the Subcontractor.

"It is expressly agreed that the Contractor may at any time, by a written order and without notice to the sureties, during the progress of the work make any additions to or alterations of or deviations from said drawings, schedules and specifications without invalidating this agreement. * * *"

Appellees contend that in the light of these provisions all modifications or alterations of the contract were required to be in writing, and as there were none shown to be in writing none could have been waived by appellees. It occurs to us that appellee Maryland Casualty Company can receive no comfort regardless which end of the dilemma is accepted. If no modifications were legally made appellee has no complaint, if the modification was made it was waived in advance by the above quoted provision of the bond. Appellee having waived the modification of the contract (if any), it is left without any defense herein. A directed verdict would have been proper. Maryland Casualty Company v. Fidelity & Casualty Company, Tex.Civ.App., 147 S.W.2d 1097.

Accordingly, the judgment of the trial court will be reversed and judgment rendered in favor of Fidelity & Casualty Company of New York against Maryland Casualty Company and W. E. Sultenfuss, Inc., for the sum of $3,739.20, and attorney's fees in the sum of $870, together with interest at the rate of six per cent per annum, on both amounts, from date of this judgment until paid.

■ Inasmuch as the trial court found that there was jury misconduct in arriving at the amount of the attorney's fees, appellants will be required to file a remittitur of said attorney's fees within ten days from the rendition of this opinion, or otherwise the cause will be reversed and remanded for a new trial.

Reversed and rendered on condition.